**FILED**

JUN 18 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANTHONY ALLEN LEMAY, )
No. 18194-058, )
United States Penitentiary, )
Big Sandy; Box 2068, )
1197 Airport Road, )
Inez, Kentucky 41224, )
)
                    Plaintiff, )   Case: 1:07-cv-01082
)   Assigned To : Leon, Richard J.
       vs )   Assign. Date : 06/18/2007
)   Description: PRO SE GEN. CIVIL
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS and EXPLOSIVES, )
Department of Justice, )
Washington, D.C. 20226, )
       and )
DRUG ENFORCEMENT ADMINISTRATION, )
Department of Justice, )
Washington, D.C. 20537, )
       and )   FOIA SUIT
FEDERAL BUREAU OF INVESTIGATION, )
J. Edgar Hoover Building, )
Washington, D. C. 20535, )
       and )
CRIMINAL DIVISION OF THE )
UNITED STATES DEPARTMENT OF JUSTICE )
Keeney Building, Room 1127, )
950 Pennsylvania Avenue, NW, )
Washington, D.C. 20530, )
       and )
UNITED STATES POSTAL SERVICE, )   CIVIL ACTION COMPLAINT
475 L'Enfant Plaza, SW, )
Washington, D.C. 20260, )
       and )
UNITED STATES SECRET SERVICE, )
Department of Homeland Security, )
Washington, D.C. 20223, )
       and )
FEDERAL BUREAU OF PRISONS, )
320 First Street, NW, )
Washington, D.C. 20534, )
       and )

**RECEIVED**

MAY 09 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

INTERNAL REVENUE SERVICE,                )
Department of the Treasury,              )
Washington, D.C. 20224,                  )
          and                              )
EXECUTIVE OFFICE FOR UNITED STATES       )
ATTORNEYS, Department of Justice,        )
600 E. Street, NW,                       )
Washington, D.C. 20530,                  )
          and                              )
UNITED STATES MARSHALS SERVICE,          )
Department of Justice,                   )
Washington, D.C. 20530,                  )
                                                )
                     Defendants.   )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES, Plaintiff, ANTHONY ALLEN LEMAY, Pro Se, and respectfully as and for his complaint against the above named defendants hereby states, claims and alleges as follows:

### Jurisdiction

This Court has jurisdiction to entertain this cause of action under the Freedom of Information Act (5 USC § 552) in conjunction with the Privacy Act (5 USC § 552a) (FOIA/PA).

### Plaintiff

Plaintiff, ANTHONY ALLEN LEMAY, is a federal prisoner No. 18194-058, who is presently housed at the United States Penitentiary at 1197 Airport Road, Inez, Kentucky 41224.

### Defendants

Defendants, each and every one of those named above, are federal "agencies" subject to the Freedom of Information Act and the Privacy Act.

### Count I

1.    By letter mailed on or about August, 2006, to the BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES (Hereinafter "BATF&E") the plaintiff requested all records, documentation and information that the BATF&E had or had or had in its possession in any way connected to, related to, or even remotely in reference to his

name.
2. The BATF&E responded by releasing certain records and withholding some by claiming exemptions of the Freedom of Information Act (Hereinafter "FOIA") in conjunction with the Privacy Act (Hereinafter "PA").
3. Plaintiff appealed the use of said exemptions to withhold information and delete information by the BATF&E as arbitrary and capricious by a written appeal letter to the Office of Information & Privacy (Hereinafter "OIP").
4. The OIP never ruled on that administrative appeal and several months time has elapsed.
5. The BATF&E is in gross derrogation of the time limits in which to process an administrative appeal under the FOIA.
6. The use of the exemptions to deny plaintiff access to the information requested was arbitrary and capricious action by the BATF&E.
7. This cause is proper to obtain judicial review of the BATF&E actions and inactions in connections to plaintiff's request.

## Count II

1. By letter to the DRUG ENFORCEMENT ADMINISTRATION (Hereinafter the "DEA") dated August 23, 2006 plaintiff requested all records in any way connected to his name
2. DEA responded to plaintiff by letter dated November 16, 2006 generically denying it.
3. Plaintiff appealed the denial by letter to OIP dated December 16, 2006.
4. The OIP never responded to plaintiff's appeal.
5. DEA failed to perform an adequate search for the records plaintiff requested.
6. DEA is in violation of the FOIA.
7. This action is proper to obtain judicial review of the DEA action/inaction.

## Count III

1. By letter to the Federal Bureau of Investigation (Hereinafter the "FBI") dated August 23, 2006, plaintiff requested all records in connection to his name in the FBI Central Office and the field offices of North Carolina.
2. Plaintiff also sent an FOIA request letter to the FBI Field Office in Ashville, North Carolina on September 8, 2006.
3. By letter dated September 19, 2006 the FBI advised plaintiff no records could be located at FBI Headquarters.
4. By letter dated November 3, 2006 the FBI notified plaintiff that no records could be found in the Charlotte Field Office of the FBI.
5. Plaintiff appealed the "no records" responses of the FBI Headquarters and the Charlotte Field Office to the OIP by appeal letter dated December 16, 2006.
6. The FBI is in violation of the FOIA.
7. This action is proper to obtain judicial review of the FBI action/inaction.

## Count IV

1. By letter dated August 24, 2006, the plaintiff requested all records in any way connected to his name in the possession of the CRIMINAL DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE (Hereinafter "CRIMINAL DIVISION).
2. By letter dated September 25, 2006 the CRIMINAL DIVISION supplied plaintiff with forms to fill out and send back to them.
3. Plaintiff completed the forms and mailed them to the CRIMINAL DIVISION.
4. CRIMINAL DIVISION never responded to the supplemental request.
5. By letter to the OIP dated December 16, 2006, plaintiff appealed the violations of the statutory time limits within which to respond to an FOIA request by the CRIMINAL DIVISION.
6. The OIP never responded to the appeal.
7. CRIMINAL DIVISION is in violation of the FOIA.
8. This action is proper to obtain judicial review of the CRIMINAL DIVISION action/inaction.

## Count V

1. By letter dated August 24, 2006 plaintiff requested all records of any mail watch by the UNITED STATES POSTAL SERVICE (Hereinafter "USPS").
2. USPS responded by letter dated September 21, 2006.
3. USPS by letter of September 28, 2006 advised plaintiff that no records could be found responsive to his request.
4. By letter dated October 22, 2006 to the USPS plaintiff appealed the no records response of USPS.
5. By letter dated December 22, 2006 the USPS affirmed the initial response to his request.
6. Plaintiff believes the USPS search was inadequate.
7. This action is proper to obtain judicial review of the action/inaction of the USPS.

## Count VI

1. By letter dated August 23, 2006, plaintiff requested all information in connection to his name from the UNITED STATES SECRET SERVICE (hereinafter "SECRET SERVICE").
2. SECRET SERVICE responded on October 3, 2006.
3. By letter dated November 2, 2006 SECRET SERVICE notified plaintiff that there are no records or documents pertaining to his request in SECRET SERVICE files.
4. Plaintiff appealed the no records response by letter dated December 16, 2006.
5. SECRET SERVICE never responded to the administrative appeal.
6. This action is proper to obtain judicial review of the action/inaction of the SECRET SERVICE.

Count VII

1. By letter dated August 24, 2006, plaintiff requested all records in any way connected to his name from the FEDERAL BUREAU OF PRISONS (Hereinafter "BOP").
2. BOP responded by letter dated September 19, 2006 advising him he may request copies of his Central File from his Unit Team at USP Big Sandy.
3. Plaintiff requested information from his Central File at USP by sending a request to his Case Manager Milissa Parr.
4. Melissa Parr rudely denied plaintiff access to his presentence investigation report by rushing him out of her office only moments after plaintiff began to peruse the psi (sic).
5. By letter dated September 22, 2006 the BOP released certain records and withheld certain records from plaintiff.
6. By letter dated December 16, 2006 to the OIP plaintiff appealed the use of exemptions by BOP as arbitrary and capricious action by BOP.
7. OIP never responded to the administrative appeal.

Count VIII

1. By letter dated August 24, 2006 to the INTERNAL REVENUE SERVICE (Hereinafter "IRS") plaintiff requested all records in any way connected to his name.
2. IRS responded by letter dated September 21, 2006 advising plaintiff his request was not valid.
3. By letter dated December 16, 2006, plaintiff administratively appealed the blanket denial of his request by IRS.
4. By letter dated March 5, 2007 IRS advised plaintiff that his letter was not a proper appeal.
5. This action is proper to obtain judicial review of the action/inaction of the IRS.

Count IX

1. By letter dated August 24, 2006 to the EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS (Hereinafter "EOUSA") plaintiff requested all records in any way connected to his name.
2. EOUSA sent plaintiff a trifurcated response to his request by letters dated October 6, 2006.
3. By letter dated December 16, 2006 to the OIP plaintiff administratively appealed the violations of the statutory time limits within which to process his request under the FOIA by the EOUSA.
4. OIP never responded to the appeal.
5. EOUSA is in gross violation of the FOIA time limits.
6. This action is proper to obtain judicial review of the action/inaction of the EOUSA.

### Count X

    1.    Plaintiff requested all records in any way connected to his name from the UNITED STATES MARSHALS SERVICE (Hereinafter "USMS").
    2.    USMS responded by letter of October 5, 2006.
    3.    USMS is in violation of the FOIA.
    4.    This action is proper to obtain judicial review of the USMS action/inaction.

WHEREFORE, Plaintiff prays for the following relief:

1

That these proceedings be expedited according to longstanding FOIA/PA law;

2

That each and every one of the above-named federal agencies be found to have violated the Freedom of Information Act and that it be declared as such as to each agency defendant named herein;

3

That this Court impose sanctions upon those individuals and/or employees of any such agency that has been found to have deliberately violated the Freedom of Information Act and/or otherwise has intentionally withheld information from the plaintiff in any one or more of the above counts, especially the most obstreperous Case Manager Milissa Parr of the USP Big Sandy Unit Team in Inez, Kentucky;

4

That plaintiff be ordered access to the requested information in each and every count and as to each and every defendant herein they be ordered to provide plaintiff access forthwith;

5

That plaintiff be awarded his reasonable clerical/researchers/attorneys fees incurred in the prosecution of this cause of action as to each and every count and as to each and every agency defendant herein named;

6

That plaintiff be declared to have substantially prevailed in this suit as to each and every defendant herein and each and every named agency as to each and every count;

7

That the search and/or copy fees be waived as to each and every count and each and every agency and each and every defendant and as to each and every request that is stated within this complaint to have been the fous of any violation of the Freedom of Information Act and/or the Privacy Act;

8

That plaintiff be allowed to proceed in this complaint in forma pauperis and as an indigent;

9

That competent counsel be appointed to represent this plaintiff in any further proceedings in this cause of action;

10

That this Court grant plaintiff any further relief that this Court deems just and proper in this action.

Respectfully Submitted this _18TH_ day of April, 2007.

By X _____
ANTHONY ALLEN LEMAY, Pro Se
No. 18194-058
United States Penitentiary
Big Sandy; Box 2068
1197 Airport Road
Inez, Kentucky 41224

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Anthony Allen Lemay | Bureau of Alcohol, Tobacco, Firearms + Explosives, et al, |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888 (EXCEPT IN U.S. PLAINTIFF CASES) PRO SE (PR) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) # 18194-058 | Case: 1:07-cv-01082 Assigned To : Leon, Richard J. Assign. Date : 06/18/2007 Description: PRO SE GEN. CIVIL |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other)   OR   ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

12

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ DEMAND $ Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE                SIGNATURE OF ATTORNEY OF RECORD
                    NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd