**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| ANTHONY ALLEN LEMAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 07-1082 (RJL) |
| | ) |
| | ) |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS & EXPLOSIVES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____  )

**FEDERAL DEFENDANTS' MOTION FOR AN EXTENSION OF TIME
IN WHICH TO RESPOND TO THE COMPLAINT AND FOR THE COURT
TO ENTER A BRIEFING SCHEDULE**

Pursuant to Federal Rule of Civil Procedure 6(b)(1), defendants hereby file their Motion

for an Extension of Time in Which to Respond to the Complaint and for the Court to Enter a

Briefing Schedule.  In support of this motion, defendants assert the following:

1.      Plaintiff filed his Complaint in this Court on June 18, 2007.   Plaintiff's

Complaint concerns ten (10) separate requests he submitted pursuant to the Freedom of

Information Act, 5 U.S.C. § 552 ("FOIA"), to ten (10) separate federal agencies.

2.      Service appears to have been perfected on several of the defendants,[1] making their

response to the Complaint due on or before July 27, 2007.

3.      To date, the undersigned counsel has begun the process of coordinating with the

_____

[1]It appears that service of the summons and complaint has been perfected on Defendants
the United States Postal Service, the United States Marshals Service, the United States
Department of Justice's Criminal Division, the Federal Bureau of Prisons, and the Bureau of
Alcohol, Tobacco, Firearms and Explosives.  [Docket Entry Nos. 6 & 7].

various federal defendants to respond to plaintiff's complaint.  However, as this process involves

coordinating responses with ten (10) separate federal agencies and determining the appropriate

response for each Agency, additional time is required to respond to plaintiff's Complaint.

Defendants are therefore requesting an additional sixty (60) days in which to respond to

plaintiff's complaint.[2]

4.      Each of the defendants anticipates filing dispositive motions in response to

plaintiff's complaint, which should resolve the issues in this litigation.  Accordingly, defendants

seek the entry of the attached briefing schedule to establish a deadline for the parties to brief the

issues involved in this litigation.

5.      Because the pro se plaintiff is incarcerated it is impracticable for the undersigned

counsel to confer with him about this Motion.[3]

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

---

[2]While the undersigned counsel expects that several of the Defendants will be in a
position to respond to Plaintiff's complaint prior to the sixty-day period, given that several of the
defendants have not been served yet, the extra time is requested to ensure that service is
perfected and to ensure that sufficient time will be allotted to formulating these multiple
responses.  If additional time is required, the undersigned counsel will promptly notify the Court.

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with
"opposing counsel."  It does not require counsel to discuss those motions with pro se parties.
Nonetheless, it has been the general practice of this office to attempt to discuss such motions
with nonprisoner pro se parties.  This practice is informed by, and consistent with, Local Civil
Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-
and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any *nonprisoner*
pro se party)" to meet and confer prior to a scheduling conference.  LCvR 16.3(a) (emphasis
added).

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Federal Defendants' Motion for an Extension of Time in Which to Respond to the Complaint and for the Court to Enter a Briefing Schedule was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Anthony Allen Lemay
R 18194-058
Big Sandy
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 2068
Inez, KY 41224

on this <u>24th</u> day of July, 2007.

/s/
_____
MICHELLE N. JOHNSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| ANTHONY ALLEN LEMAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 07-1082 (RJL) |
| | ) |
| | ) |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS & EXPLOSIVES, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____ )

## <u>ORDER</u>

This matter having come before this Court on the Federal Defendants' Motion for an

Extension of Time in Which to Respond to the Complaint and for the Court to Enter a Briefing

Schedule, it is hereby

**ORDERED** that Defendants' motion is **GRANTED**.  It is further

**ORDERED** that Defendants shall file their responses to Plaintiff's complaint no later

than September 27, 2007.  It is further

**ORDERED** that Plaintiff shall respond to Defendants' response(s) no later than October

29, 2007.  It is further

**ORDERED** that Defendants shall have up to and including November 12, 2007, to file

their replies, if any.  It is further

**ORDERED** that nothing in this Order prevents the parties from filing any pleading or

motion at an earlier time than that designated by the Court.

**SO ORDERED** this _____ day of _____, 200__.

_____
RICHARD J. LEON
United States District Court Judge