**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

ANTHONY ALLEN LEMAY,                          )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      ) Civil Action No.: 07-1082 (RJL)
                                              )
                                              )
                                              )
BUREAU OF ALCOHOL, TOBACCO,                   )
FIREARMS & EXPLOSIVES, et al.,                )
                                              )
            Defendants.                       )
                                              )
_____    )

<u>**SIX FEDERAL DEFENDANTS'[1] MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, the following six

defendants, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Drug

Enforcement Administration ("DEA"), the Criminal Division of the United States Department of

Justice ("DOJ"), the United States Postal Service ("USPS"), the United States Department of

Homeland Security ("DHS"), and the Executive Office for United States Attorneys ("EOUSA")

(collectively referred to herein as the "federal defendants"), hereby file their motion for summary

judgment. Because the federal defendants have fully discharged their obligations under the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and there are no material issues in

dispute, the federal defendants are hereby entitled to judgment as a matter of law. A statement of

material facts and a proposed order accompany this motion.

---

[1]This motion is being filed on behalf of six of the ten named defendants. The remaining
defendants – the Federal Bureau of Investigation, the Federal Bureau of Prisons, the Internal
Revenue Service, and the United States Marshals Service – will be seeking a brief extension of
time to separately file their dispositive motions.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendants' attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992);  see also Local Rule 7(h)[2] and Fed. R. Civ. P. 56(e).  Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

---

[2]Requiring that oppositions to motions for summary judgment "shall" be accompanied by a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h).

                          /s/ Michelle N. Johnson
―――――――――――――――――――――――――――――
                          MICHELLE N. JOHNSON, D.C. BAR # 491910
                          Assistant United States Attorney
                          United States Attorney's Office
                          Civil Division
                          555 4th Street, N.W. – Room E4212
                          Washington, D.C. 20530
                          (202) 514-7139

                          COUNSEL FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ANTHONY ALLEN LEMAY,                          )
                                              )
           Plaintiff,                         )
                                              )
    v.                                        )    Civil Action No.: 07-1082 (RJL)
                                              )
                                              )
                                              )
BUREAU OF ALCOHOL, TOBACCO,                   )
FIREARMS & EXPLOSIVES, et al.,                )
                                              )
           Defendants.                        )
                                             _)
_____    )

## SIX FEDERAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, the following six

defendants, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Drug

Enforcement Administration ("DEA"), the United States Department of Justice ("DOJ"), the

United States Postal Service ("USPS"), the United States Department of Homeland Security

("DHS"), and the Executive Office for United States Attorneys ("EOUSA") (collectively

referred to herein as the "federal defendants"), hereby file their motion for summary judgment.

Because plaintiff has failed to exhaust his administrative remedies as it concerns most of his

requests,[1] and because each of the above-named defendants has fully discharged their obligations

to plaintiff under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), summary judgment

is appropriate.

---

[1]Defendant USPS does not contend that plaintiff failed to exhaust his administrative remedies.

## BACKGROUND

Plaintiff Anthony Allen Lemay is a federal prisoner currently housed at the United States Penitentiary located in Kentucky. Complaint ("Compl.") at 1. He has instituted this action against ten separate federal agencies in regards to various requests he submitted pursuant to the FOIA. The facts concerning six of these requests have been fully set forth in defendants' Statement of Material Facts as to Which There is No Genuine Issue, attached to this motion.

## ARGUMENT

I.    **Dismissal is Required Because Plaintiff Has Failed to Exhaust His Administrative Remedies in Regards to His Requests.**

A.    **Standard of Review**

Defendants move for dismissal of plaintiff's complaint unde Rule 12(b)(6) for failure to state a claim. "A FOIA suit is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails to exhaust his administrative remedies prior to initiating a lawsuit." Elliot v. United States Dep't of Agriculture, No. Civ.A. 06-240, 2007 WL 1302588, at *2 (D.D.C. May 2, 2007). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). A court should dismiss a complaint for failure to state a claim when the complaint fails "to raise a right to relief above the speculative level." See, e.g., Bell Atlantic v. Twombly, 1275 S. Ct. 1955, 1956 (2007). The court need not, however, accept as true the plaintiff's legal conclusions. See Taylor v. FDIC,

2

132 F.3d 753, 762 (D.C. Cir. 1997). "While in this Circuit, the exhaustion requirement is not jurisdictional, . . . as a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." Bestor v. C.I.A., No. Civ.A. 04-2049, 2005 WL 3273723, at *3 (D.D.C. Sept. 1, 2005) (citations and internal quotation marks omitted).

### B.    Plaintiff Has Failed to Exhaust His Administrative Remedies.

Prior to filing a lawsuit, a FOIA requester is required to fully exhaust his administrative remedies. Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including: (1) failure to provide the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) failure to reasonably describe the records being sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) failure to comply with fee requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) **failure to administratively appeal a denial of information**, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). Where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to immediate dismissal. Id.

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's [response to] a FOIA request." Bestor, 2005 WL 3273723, at *2. Furthermore, "[c]ourts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." Id. (citation and internal

3

quotation marks omitted) (emphasis added).  Here, despite his unsupported assertions in his

complaint, plaintiff never filed any appeal regarding the FOIA requests he submitted to the ATF,

DEA, the Criminal Division of DOJ,  the DHS/Secret Service, or the EOUSA.  See Ex. 1,

Declaration of Averill P. Graham ("Graham Decl."), ¶ 7; Ex. 2, Declaration of Leila I. Wassom

("Wassom Decl.") ¶ 9; Ex. 3, Declaration of Pamela A. Roberts ("Roberts Decl.") ¶ 8; Ex. 5,

Declaration of Craig W. Ulmer ("Ulmer Decl.") ¶ 15; Ex. 6, Declaration of Dione J. Stearns

("Stearns Decl.") ¶ 12.  Because plaintiff has not filed administrative appeals of the agencies'

responses to his respective FOIA requests, dismissal for failure to state a claim is required.

Hinojosa v. Department of Treasury, No. Civ.A. 06-0215, 2006 WL 2927095, at *3 (D.D.C. Oct.

11, 2006) (holding that plaintiffs' "failure to avail themselves of the applicable administrative

remedies is fatal to their [FOIA] claims in this Court."); Bestor, 2005 WL 3273723, at *4

("Because the plaintiff has failed to justify the court's exercise of subject matter jurisdiction in

this case, and likewise because plaintiff has failed to state a claim upon which relief can be

granted, the defendant's motion to dismiss will be granted.").

## II.    The Defendants Are Entitled to Summary Judgment.

### A.    Standard of Review

In general, summary judgment is the procedural vehicle by which most FOIA actions are

resolved.  See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases

should be handled on motions for summary judgment, once the documents in issue are properly

identified.").  While the defendant has the burden of proof on all material issues related to the

merits of any claimed FOIA exemptions, summary judgment is to be freely granted where there

are no material facts in dispute and the agency is entitled to judgment as a matter of law.  See,

4

e.g., Alyeska Pipeline Serv. v. EPA, 856 F.2d 309, 314 (D.C. Cir. 1988); Hayden v. National

Security Agency, 608 F.2d 1381, 1386-87 (D.C. Cir. 1979) (summary judgment appropriate in

FOIA cases on the basis of affidavits).  Under the FOIA, which supplies the applicable

substantive legal principles, defendant in this case bears the burden of proving three elements:

> (1)     "**adequacy of the search**" -- that is, the search for responsive documents was
>
>         adequate;
>
> (2)     "**applicability of exemptions**" -- that is, the information withheld from release
>
>         falls within an exemption from the FOIA's general requirement that information
>
>         be released; and
>
> (3)     "**reasonable segregability**" -- that is, the "reasonably segregable," non-exempt
>
>         information has been disclosed after deletion of the exempt information.

See Public Employees for Environmental Responsibility v. United States Dep't of the Interior,

No. Civ.A. 06-182, 2006 WL 3422484, at *8 (D.D.C. Nov. 28, 2006) (holding that agency had

"met its summary judgment burden by demonstrating that it fully discharged its FOIA

obligations by conducting a reasonable and adequate search for documents, properly invoking

applicable FOIA exemptions, and releasing all reasonably segregable factual materials from

responsive documents.") (citations omitted).  See also NYC Apparel FZE v. United States

Customs & Border Protection, 484 F. Supp. 2d 77, 86 (D.D.C. 2007) ("'[A]gency entitled to

summary judgment if no material facts are in dispute and if it demonstrates that each document

that falls within the class requested has been produced . . . or is wholly[, or partially] exempt

[from disclosure].'") (quoting Students Against Genocide v. Dep't of State, 257 F.3d 828, 833

(D.C. Cir. 2001).   In this case, each of the federal defendants has fully discharged its obligations

under the FOIA.[2]

### B.    The Agencies are Entitled to Summary Judgment Because Adequate Searches Were Performed.

In responding to a FOIA request, an agency is under a duty to conduct a good faith search for responsive records, "using methods which can be reasonably expected to produce the information requested." Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (citations omitted); Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993). This "reasonableness" standard focuses on the method of the search, not its results. Cleary, Gottlieb, 844 F. Supp. at 777 n.4 (citing Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986)); see also Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). The search standards under the FOIA do not require an agency to prove that all responsive documents have been located. Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) (citation omitted). Instead, "the search need only be reasonable; it does not have to be exhaustive." Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing Shaw v. Dep't of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Nor is there a requirement that the search be perfect. Meeropol, 790 F.2d at 956. The fundamental question is not "'whether there

---

[2]Because plaintiff never appealed ATF's release of records, and any applicable exemptions, defendant ATF does not seek summary judgment. Rather, ATF premises its argument solely on the basis that plaintiff failed to exhaust his administrative remedies. Similarly, EOUSA's argument rests solely on plaintiff's failure to exhaust his administrative remedies.

might exist any other documents responsive to the request, but rather whether the *search* for those documents was *adequate*.'" Steinberg, 23 F.3d at 551 (citation omitted). "In demonstrating the adequacy of the search, the agency may rely on reasonably detailed, nonconclusory affidavits submitted in good faith." Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citations omitted).

As set forth more fully in the pertinent declarations, a proper search for records, where appropriate, was conducted.

**The DEA's Search for Records**

As it concerns the DEA, as set forth in the declaration of Leila I. Wassom, any investigative information about plaintiff was reasonably likely to be found in the DEA Investigating Reporting and Filing System ("IRFS"), JUSTICE/DEA-008. Ex. 2, Wassom Decl. ¶ 10. IRFS is a DEA Privacy Act System of Records that contains all administrative, general, and investigative files compiled by the DEA for law enforcement purposes. Id. No other record system was likely to contain information responsive to plaintiff's request. Id. ¶ 11. In accessing the IRFS, the DEA Narcotics and Dangerous Drugs Information System (NADDIS) serves as the index and practical means by which DEA retrieves investigative reports and information from IRFS. Id. ¶ 12. Individuals are indexed and identified in NADDIS by their name, social security number, and/or date of birth. Id. As an index, NADDIS points to investigative files and particular DEA Reports of Investigation (ROI), DEA Form-6, or other documents by date that contain information regarding a particular individual or subject of investigation. Id.

On October 13, 2006, DEA conducted a NADDIS query using the plaintiff's name, social security number, and date of birth for records responsive to plaintiff's request. Id. ¶ 13. No

records responsive to plaintiff's request were located.  Id.  Furthermore, after receipt of the

complaint in this matter, a second NADDIS query was conducted, which also resulted in no

DEA records being indicated as responsive to plaintiff's request.  Id. ¶ 14.

**DOJ's Search**

In processing requests from individuals seeking information about themselves, the

Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001

(Central Criminal Division Index File and Associated Records).  Ex. 3, Roberts Decl. ¶ 11.

When a search of this central index reflects responsive, or potentially responsive records, a

search for such records is sent to the location identified as having custody of the records.  Id.

In this case, a search for plaintiff's records in the JUSTICE/CRM-001 Privacy Act

system of records was performed on July 17, 2007.  Id. ¶ 12.  This search revealed no responsive

records identifiable with plaintiff's name.  Id.  In conducting such a search, the FOIA/PA unit

relies on its many years of experience in searching for records responsive to FOIA/PA requests.

Id.  Designated personnel employed by the FOIA/PA unit undertook a search for responsive

materials, which is to be undertaken in the same matter as if the Criminal Division were seeking

the information for official purposes.  Id.[3]  It is not surprising that a search revealed no records

responsive to plaintiff's request.  Id. ¶ 16.  The great majority of federal crimes are prosecuted by

the local United States Attorney's Office, independently of the Criminal Division, and copies of

such records are not maintained in the Criminal Division.  Id.

---

[3]Unlike the FBI or BOP, the Criminal Division does not assign special identification
numbers to individuals.  Roberts Decl. ¶ 12 & n.1.  Nor does it maintain files based on social
security numbers, or have any field offices outside the Washington, D.C. area.  Id.  Finally,
unlike certain other law enforcement components, the Criminal Division maintains no separate
"see reference" or "cross reference" files requiring separate searches.  Id.

Although the JUSTICE/CRM-001 search failed to identify records pertaining to plaintiff, the Criminal Division routinely affords Privacy Act requesters the opportunity to designate specific Privacy Act systems of records to be searched by means of a "Privacy Act Systems of Records" form. Id. ¶ 14. This form lists the Division's systems of records and provides a short description of the nature of records maintained in each system. Id. However, in this case, although he was provided with this form, plaintiff never returned and completed the form and thus the Criminal Division has no further details regarding plaintiff's case in order to conduct a more comprehensive search for responsive records. Id. ¶ 15.

**USPS Search**

The Inspection Service conducts criminal, civil and administrative investigations. Ex. 4, Declaration of Mildred R. Baxter ("Baxter Decl.") ¶ 12. The files containing records about inactive closed investigations are physically located in the Criminal Investigations Service Center ("CISC") in Chicago, Illinois, or the Security Investigations Service Center ("SISC") in Memphis, Tennessee, until they are transferred to a local Federal Records Center. Id. Investigative files may contain investigative reports, notes, memoranda, background data, including arrest records, statement of informants and witnesses, laboratory reports of evidence analysis, search warrants, summonses and subpoenas, and other information related to an investigation. Id. The records at issue are covered in the System of Records called the Investigative File System. Id. Personal data in the Investigative File System may contain fingerprints, handwriting samples, reports of confidential informants, physical identifying data, voice prints, polygraph tests, photographs, and individual personal and payroll information. Id.

In conducting a search for records responsive to plaintiff's request, the USPS utilized the

Inspection Service's database to conduct a preliminary search of the Inspection Service

Integrated Information System ("ISIIS"), which is the national integrated database containing

investigatory information from Inspection Service investigations.  Ex. 4, Baxter Decl. ¶ 6.  The

ISIIS is an electronic web-based case management database that contains case file and other

information in support of investigations.  Id. ¶ 12.  The contents of these files are accessible by

name and/or social security number.  Id.  This search disclosed no records of investigation or

complaint concerning plaintiff.  Id. ¶ 6.

By electronic message sent on September 21, 2006, a record search was requested to be

conducted of the files of the Postal Inspection Service's Charlotte, NC Division; the Criminal

Investigations Service Center's national mail cover database in Chicago, IL; and the national

security mail cover database in Washington, D.C.  Id. ¶ 7; Ex. C (Email dated Sept. 21, 2006).

On the same date, a response was received from the FOIA coordinator of the Charlotte Division

indicating that the Charlotte Division had not located any records regarding plaintiff.  Id. ¶ 8; Ex.

D (Email dated Sept. 21, 2006).  Also on September 21, 2006, a response was received from the

program specialist, Washington D.C., of the national security mail cover database indicating that

there had been no records located pertaining to plaintiff.  Id. ¶ 9; Ex. E (Email dated Sept. 21,

2006).  By electronic message dated September 27, 2006, a response was received from the

program specialist, Chicago, IL, of the national mail cover database, indicating that no records

regarding plaintiff had been revealed.  Id. ¶ 10; Ex. F (Email dated September 27, 2006).

**The Secret Service's Search**

In response to plaintiff's request, and in accordance with its established practices, the

FOI/PA office sent search requests for information responsive to plaintiff's request to the Office

of Investigations, Investigative Support Division ("ISD").  Ex. 5, Ulmer Decl. ¶ 6.  The Office of

Investigations plans, directs, and coordinates the criminal investigative responsibilities of the

Secret Service, including investigations into violations of the laws of the United States relating

to currency and financial systems. Id. ¶ 7.  ISD is under the authority of the Office of

Investigations and is, among other things, responsible for maintenance of a service wide

electronic filing and indexing system, known as the Master Center Index ("MCI").  Id.

The MCI is an on-line computer system used by all Secret Service field offices, resident

offices, resident agencies, protective divisions, and headquarters divisions for a variety of

applications.  Id. ¶ 8.  The MCI provides a system of record keeping of information for cases and

subjects of record in investigative, protective, and administrative files maintained by the secret

Service.  Id.  Individuals on whom the Secret Service maintains records are indexed when

possible on MCI by name, social security number, and/or date of birth.  Id.

In conducting a search for records responsive to plaintiff's request, ISD conducted an

electronic search in the Secret Service MCI for the name "Anthony Allen Lemay." Id. ¶ 9.  This

search produced negative results.  Id.  There were no files pertaining to an individual with both

plaintiff's name and plaintiff's date of birth in the MCI system.  Id.

**The Agencies' Searches Satisfied FOIA's Requirements**

As indicated above, the searches by DEA, DOJ, USPS, DHS/Secret Service failed to

disclose any records responsive to plaintiff's requests.  However, the fact that the searches

resulted in no records being located does not render the searches inadequate.  See, e.g., Neal v.

Snow, No. Civ.A. 06-1124, 2007 WL 1169339, at *3 (D.D.C. Apr. 19, 2007) (holding that

search was reasonable where, despite not locating any records, agency's search was "reasonable"

11

and conducted where "responsive records would likely have been located."). See also Trans Union LLC v. Federal Trade Comm'n, 141 F. Supp. 2d 62, 68 (D.D.C. 2001) ("[A]n agency's inability to locate every single responsive [document] does not render an otherwise diligent search unreasonable.") (citations omitted). Rather, the standard is whether the search was reasonably designed to discover responsive records, if they existed. The searches in this case meet that standard. Landmark Legal Foundation v. EPA, 272 F. Supp. 2d 59 (D.D.C. 2003) (holding that agency's search was adequate where agency's search "was not confined to one office or region, [and agency] searched all components of the agency.") (citation omitted). Cf. Jackson v. United States Attorney's Office, 293 F. Supp. 2d 34, 38 (D.D.C. 2003) (holding that search was inadequate where declaration merely stated that declarant "reviewed the file" presented to him by the USAO and failed to "explain what kind of search was conducted or [the] procedure followed by the USAO to compile the documents which ultimately constituted the . . . file."). Accordingly, defendants DEA, DOJ, USPS and DHS are entitled to summary judgment.

### III.     Plaintiff Has Explicitly Waived Any Right to Submit FOIA Request No. 06-3218.

As it concerns his request to EOUSA concerning documents about him in the Western District of North Carolina, plaintiff has explicitly waived his right to submit any such request. As explained in the Stearns declaration, plaintiff executed a plea agreement in the matter of United States of America v. Anthony Allen Lemay, Criminal No. 1:02 CR 105-6. Ex. 6, Stearns Decl. ¶ 9; Ex. 5 (plea agreement). Specifically, paragraph 16 of the plea agreement provides:

> The defendant waives all rights, whether asserted directly or by a
> representative, to request or receive from any department or agency of
> the United States any records pertaining to the investigation or prosecution
> of this case, including without limitation any records that may be
> sought under the Freedom of Information Act, 5 U.S.C. § 552, or the
> Privacy Act of 1974, 5 U.S.C. § 552a.

Id. at 5, ¶ 16.

In light of his explicit waiver of his right to submit any FOIA/PA request concerning the subject of his criminal matter in the Western District of North Carolina, plaintiff is not entitled to any documents pursuant to the FOIA concerning this topic.  See generally United States v. Mezzanatto, 513 U.S. 196, 201 (1995) ("A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution.") (citations omitted); see id. ("[W]e have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties.") (citations omitted).

## <u>CONCLUSION</u>

For the reasons set forth above, the federal defendants respectfully request that this action be dismissed with prejudice, or alternatively, that judgment as a matter of law be entered in their favor.

Respectfully submitted,


/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212

13

Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Six Federal Defendants' Motion to Dismiss, or in the

Alternative, for Summary Judgment and the accompanying exhibits was mailed by depositing a

copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Anthony Allen Lemay
R 18194-058
Big Sandy
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 2068
Inez, KY 41224

on this _20th_ day of September, 2007.

_____/s/_____
MICHELLE N. JOHNSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

ANTHONY ALLEN LEMAY,                           )
                                               )
         Plaintiff,                            )
                                               )
    v.                                         )  Civil Action No.: 07-1082 (RJL)
                                               )
                                               )
                                               )
BUREAU OF ALCOHOL, TOBACCO,                    )
FIREARMS & EXPLOSIVES, et al.,                 )
                                               )
         Defendants.                           )
                                             )
_____ )

**<u>SIX DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE</u>**

Pursuant to LCvR 56.1 and 7(h), the following six defendants, the Bureau of Alcohol,

Tobacco, Firearms and Explosives ("ATF"), the Drug Enforcement Administration ("DEA"), the

Criminal Division of the United States Department of Justice ("DOJ"), the United States Postal

Service ("USPS"), the United States Department of Homeland Security ("DHS"), the Federal

Bureau of Prisons ("BOP"), the Internal Revenue Service ("IRS"), the Executive Office for

United States Attorneys ("EOUSA"), and the United States Marshals Service (collectively

referred to herein as the "federal defendants"), respectfully submit this statement of material

facts as to which there is no genuine issue in support of their motion for dismissal or,

alternatively, summary judgment.

**<u>Request Submitted to ATF</u>**

1.    On September 5, 2006, the ATF's Disclosure Division received a letter dated August 23,

2006, from plaintiff seeking all documents, records, and information maintained by ATF that

1

were in any way connected, related, or in reference to him.  Exhibit ("Ex.") 1, Declaration of

Averill P. Graham ("Graham Decl.") ¶ 3, Ex. A (Plaintiff's FOIA request dated August 23,

2006).

2.      By letter dated September 6, 2006, the Disclosure Division acknowledged receipt of

plaintiff's request and informed him that a response would be mailed within 20 days.  Id. ¶ 4; Ex.

B (Letter to plaintiff dated September 6, 2006).

3.      By letter dated September 25, 2006, the Disclosure Division informed plaintiff that it was

anticipated that his request would be granted in part; however, there would be a short delay in

releasing records and a response was forthcoming.  Id. ¶ 5; Ex. C (Letter to plaintiff dated

September 25, 2006).

4.      In a letter dated November 8, 2006, the Disclosure Division released responsive

documents to plaintiff, consisting of a case report and a list of exhibits.  Id. ¶ 6; Ex. D (Letter to

plaintiff dated November 8, 2006).  The Disclosure Division withheld portions of the documents

in part pursuant to FOIA exemptions 7(C) and 7(D).  Id.  Plaintiff was informed that he had the

right to obtain the rest of the documents in his file upon his agreement to pay up to $25.00.  Id.

Finally, the letter informed plaintiff that he had the right to file an administrative appeal and

explained the procedure for filing such an appeal.  Id.

5.      Since the filing of plaintiff's complaint in this Court, ATF contacted the Office of

Information and Privacy ("OIP") to determine if there had been an administrative appeal

regarding plaintiff's request.  Wassom Decl. ¶ 7.  OIP informed ATF that it has no records of any

such appeal.  Id.

2

**Request Submitted to DEA**

6.     By letter dated August 23, 2006, plaintiff requested all records concerning himself, including criminal investigatory, forfeiture, and other records.  Ex. 2, Declaration of Leila I. Wassom ("Wassom Decl.") ¶ 6; Ex. A (Plaintiff's FOIA request dated August 23, 2006).  This request also requested that DEA's North Carolina field offices be searched.  Id.

7.     Any investigative information concerning plaintiff would have been contained in the DEA Investigative Reporting and Filing System ("IRFS"), JUSTICE/DEA-008.  Id. ¶ 9.  IRFS is a DEA Privacy Act System of Records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes.  Id.  This was the only record system reasonably likely to contain information responsive to the plaintiff's request.  Id. ¶ 10.

8.     The DEA Narcotics and Dangerous Drugs Information System (NADDIS) is the index to and practical means by which DEA retrieves investigative reports and information from IRFS.  Id. ¶ 11.  Individuals are indexed and identified in NADDIS by their name, social security number, and/or date of birth.  Id.  As an index, NADDIS points to investigative files and particular DEA Reports of Investigation ("ROI"), DEA Form-6 or other documents by date that contain information regarding a particular individual or subject of an investigation.  Id.

9.     On October 13, 2006, a query was conducted by a SARO Freedom of Information Specialist.  Id. ¶ 12.  SARO is the DEA office responsible for responding to, searching for, and processing of information under the FOIA and PA.  Id. ¶ 5.  The query was conducted using the plaintiff's name, social security number, and date of birth.  Id. ¶ 12.  No records concerning plaintiff were located.  Id.

10.    By letter dated November 16, 2006, DEA acknowledged plaintiff's request, and informed

him the request had been assigned FOIA Request Number 07-0030-P.  Id. ¶ 7; Ex. B (Letter to plaintiff dated November 16, 2006).  DEA also informed plaintiff that it had conducted a search of its records and had found no records concerning him, and suggested that plaintiff could assist DEA in conducting a further search by providing additional search criteria.  Id.  Plaintiff was requested to provide any aliases used, alternative birth dates or social security numbers, previous addresses, date of arrest, and the names of any DEA law enforcement personnel who participated in his criminal investigation.  Id.  As of this date, DEA has received no further correspondence from plaintiff.  Id. ¶ 8.

11.    Upon receipt of plaintiff's complaint, on July 9, 2007, a second NADDIS query was conducted for records responsive to plaintiff's request.  No records were located.  Id. ¶ 13.

12.     Furthermore, no record exists to support plaintiff's assertion that he appealed DEA's determination to the OIP.  Id. ¶ 9.

**Request Submitted to DOJ**

13.    By letter dated August 24, 2006, plaintiff submitted a FOIA request to the Department of Justice's Criminal Division for copies of all documents pertaining to him.  Ex. 3, Declaration of Pamela A. Roberts ("Roberts Decl."); Ex. 1 to Roberts Decl. (Plaintiff's FOIA Request).  In his request, plaintiff asked that the Criminal Division send him the appropriate form so that he could indicate which Privacy Act systems he would like to have searched.  Id.

14.    By letter dated September 25, 2006, the Criminal Division acknowledged receipt of plaintiff's FOI/PA request and assigned his request case number CRM-200600959P.  Id. ¶ 5; Ex. 2 to Roberts Decl. (Letter to plaintiff dated September 25, 2006).  Plaintiff was informed that in order for the Criminal Division to conduct a search, additional information would be required.

Id.  Enclosed with the letter were two forms that plaintiff could utilize to provide additional information – the "Privacy Act Identification and Request Form" and the "Criminal Division Privacy Act Systems of Records form."  Id.  Plaintiff was advised that when the relevant forms were completed and returned, the Criminal Division would conduct a search of the appropriate indices to determine what records may exist that were responsive to his request.  Id.  Plaintiff was informed that his request would be closed and a new case number would be assigned when the relevant forms were returned.  Id.  The letter also informed plaintiff of his appeal rights should he consider the letter to be a denial of his request.  Id.

15.    On July 12, 2007, the Criminal Division's FOIA/PA unit received a copy of plaintiff's complaint in this matter.  Id. ¶ 6.  Plaintiff alleges in his complaint that he completed the relevant forms and mailed them back to the Criminal Division, but had not received a response from the Criminal Division.  Id.  Plaintiff also alleges that by letter dated December 16, 2006, he filed an administrative appeal with the Office of Information and Privacy for the failure of the Criminal Division to respond to his request and that OIP never responded to his appeal.  Id.  See also Complaint, Count IV.

16.    According to the FOIA/PA's database, there is no record that plaintiff returned the required forms.  Roberts Decl. ¶ 8.  Had plaintiff returned the forms, the FOIA/PA Unit would have recorded the correspondence in its database and created a new file to process plaintiff's perfected request.  Id.  In addition, OIP verified that it has no record of any administrative appeal filed by plaintiff.  Id.

17.    In light of plaintiff's complaint, the Criminal Division's FOIA/PA unit sent plaintiff a letter on July 18, 2007, attaching another set of forms required for the processing of his request.

Id. ¶ 9; Ex. 3 attached to the Roberts Decl.

18.     Further, in light of the litigation, and despite not having received the required forms, the Criminal Division's FOIA/PA unit conducted a search of the central index of records, the system most likely to contain records concerning plaintiff.  Id.

19.     In processing requests from persons seeking information about themselves, the Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records).  Id. ¶ 11.  When a search of this central index reflects responsive or potentially responsive records, a search for such records is sent to the section identified as possessing the records.  Id.

20.     In the present matter, a search for plaintiff's records in the JUSTICE/CRM-001 Privacy Act system of records was performed on July 17, 2007, and revealed no responsive records identifiable with plaintiff's name.  Id. ¶ 12.

21.     In conducting its search, the FOIA/PA unit relies on its many years of experience in searching for records responsive to FOIA/PA requests.  Id.  Designated personnel employed by the FOIA/PA unit undertook a search for responsive materials, which is to be undertaken in the same manner as if the Criminal Division was seeking the information for its own, official purposes.  Id.[1]  It is not surprising that a search revealed no records responsive to plaintiff's request.  Id. ¶ 16.  The great majority of federal crimes are prosecuted by the local United States Attorney's Office, independently of the Criminal Division, and copies of such records are not

---

[1]Unlike the FBI or BOP, the Criminal Division does not assign special identification numbers to individuals.  Roberts Decl. ¶ 12 & n.1.  Nor does it maintain files based on social security numbers, or have any field offices outside the Washington, D.C. area.  Id.  Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross reference" files requiring separate searches.  Id.

maintained in the Criminal Division.  Id.

22.     Although the JUSTICE/CRM-001 search failed to identify records pertaining to plaintiff, as noted, the Criminal Division routinely affords FOIA/PA requesters the opportunity to designate specific Privacy Act systems of records to be searched by means of a "Privacy Act Systems of Records" form.  Id. ¶ 14.  This form lists the Division's systems of records and provides a short description of the nature of the records maintained in each system.  Id.  Requesters are given the opportunity to designate specific systems to be searched merely by placing a check mark adjacent to the system description.  Id.  However, because the Criminal Division did not receive the completed forms from plaintiff, including the "Privacy Act Systems of Records" form, the Criminal Division has no further details regarding plaintiff's case in order to conduct a more comprehensive search for responsive records.  Id.

23.     In its letter of July 18, 2007, the FOIA/PA unit informed plaintiff that the search revealed no records concerning him.  Id. ¶ 9.

24.     As of this time, the Criminal Division's FOIA/PA unit has not received any further response from plaintiff regarding the July 18, 2007 letter.  Id. ¶ 10.

**Request Submitted to USPS**

25.     By letter dated August 24, 2006, and received by the Office of Counsel of the U.S. Postal Inspection Service on September 20, 2006, plaintiff submitted a FOIA request for "all records in connection to any mail watch in any way connected to my name in North Carolina."  Ex. 4, Declaration of Mildred R. Baxter ("Baxter Decl.") ¶ 4; Ex. A (Plaintiff's FOIA Request dated August 24, 2006).

26.     Plaintiff's request was acknowledged in a letter dated September 21, 2006, and plaintiff

was informed that his request had been assigned FOIA No. 2006-FPIS-00350.  Id. ¶ 5; Ex. B

(Letter to plaintiff dated September 21, 2006).  Plaintiff was further advised that a response to

his request would be delayed in order to conduct appropriate file searches for responsive records.

Id.

27.    The Inspection Service conducts criminal, civil, and administrative investigations.  Id. ¶

12.  The files containing records about inactive closed investigations are physically located in the

Criminal Investigations Service Center ("CISC") in Chicago, Illinois, or the Security

Investigations Service Center ("SISC") in Memphis, Tennessee, until they are transferred to a

local Federal Records Center.  Id.  Investigative files may contain investigative reports, notes,

memoranda, background data including arrest records, statement of informants and witnesses,

laboratory reports of evidence analysis, search warrants, summons and subpoenas, and other

information related to the investigation.  Id.  The records at issue are covered in the system of

records call the Investigative File System.  Id.  Personal data in the Investigative File System

may contain fingerprints, handwriting samples, reports of confidential informants, physical

identifying data, voice prints, polygraph tests, photographs, and individual personal and payroll

information.  Id.  The Inspection Service Integrated Information System ("ISIIS") is an

electronic web-based case management database that contains case file and other information in

support of investigations.  Id. The contents of these files are accessible by name and/or social

security number.  Id.  Records are maintained one to 15 years, depending on the type of record.

Id.

28.    In searching for records responsive to plaintiff's request, the Inspection Service's

database was used to conduct a preliminary search of the ISIIS, which is the national, integrated

database containing investigatory information from Inspection Service investigations.  Id. ¶ 6.

This search disclosed no records of investigation or complaints concerning plaintiff.  Id.

29.    By electronic message sent on September 21, 2006, a record search was requested by the

Inspection Service to be conducted of the Postal Inspection Service's Charlotte, North Carolina

Division; the Criminal Investigations Service's Center's national mail cover database in

Chicago, Illinois; and the national security mail cover database in Washington, D.C.  Id. ¶ 7; Ex.

C (Email sent on September 21, 2006).[2]

30.    On that same date, a response was received from the FOIA coordinator of the Charlotte

Division who indicated that the Charlotte Division had not located any records relating to

plaintiff.  Id. ¶ 8; Ex. D (Email dated September 21, 2006).  Also on September 21, 2006, a

response was received from the program specialist in Washington D.C. indicating that the

national security mail cover database had not located any records pertaining to plaintiff.  Id. ¶ 9;

Ex. E (Email dated September 21, 2006).

31.    On September 27, 2006, the program specialist in Chicago, IL, sent an electronic

message indicating that the national mail cover database search had not revealed any documents

pertaining to plaintiff.  Id. ¶ 10; Ex. F (Email dated September 27, 2006).

32.    By letter dated September 28, 2006, plaintiff was informed that a search of Inspection

Service files had not disclosed any records concerning him, including a mail watch.  Id. ¶ 11; Ex.

G (Letter to plaintiff dated September 28, 2006).  This letter informed plaintiff that he had the

right to appeal the response and plaintiff was provided a copy of the appeal procedures.  Id.

---

[2]All documents reflecting plaintiffs' date of birth and/or social security number have been redacted.

**Request Submitted to DHS**

33.     By letter dated August 23, 2006, and received by the Secret Service on September 14,

2006, plaintiff submitted a FOI/PA request.  Ex. 5, Declaration of Craig W. Ulmer ("Ulmer

Decl.") ¶ 5; Ex. A (Plaintiff's FOIA Request).  Plaintiff's request sought any and all records or

information maintained by the Secret Service concerning plaintiff.  Id.

34.     The Secret Service acknowledged receipt of plaintiff's FOI/PA request by letter dated

October 3, 2006.  Id. ¶ 6; Ex. B (Letter to plaintiff dated October 3, 2006).  Plaintiff was

informed that his request had been assigned file number 20060517 and that a search for

responsive records was being conducted.  Id.

35.     In accordance with its established practice, the FOI/PA office sent search requests for

information responsive to plaintiff's FOI/PA request to the Office of Investigations, Investigative

Support Division ("ISD").  Id. ¶ 7.  The Office of Investigations plans, directs, and coordinates

the criminal investigative responsibilities of the Secret Service, including investigations into

violations of the laws of the United States relating to its currency and financial systems.  Id. ¶ 8.

ISD, which is under the authority of the Office of Investigations is, among other things,

responsible for maintenance of a service wide electronic filing and indexing system known as the

Master Central Index ("MCI").  Id.

36.     The MCI is an on-line computer system used by all Secret Service field offices, resident

offices, resident agencies, protective divisions, and headquarters divisions for a variety of

applications.  Id. ¶ 9.  The MCI provides a system of record keeping of information for cases and

subjects of record in investigative, protective, and administrative files maintained by the Secret

Service.  Id.  Individuals on whom the Secret Service maintains records are indexed when

possible on the MCI by name, social security number, and/or date of birth.  Id.

37.     In conducting a search for records responsive to plaintiff's request, ISD conducted an electronic search in the MCI for the name "Anthony Allen Lemay."  Id. ¶ 10.  This search produced negative results.  Id.  The plaintiff's date of birth was used to ensure that any files indexed under plaintiff's name in the MCI system did not concern individuals other than the plaintiff.  Id.

38.     By letter dated November 2, 2006, the Secret Service FOI/PA office notified plaintiff that a review of the Secret Service's system of records indicated that it did not maintain records responsive to plaintiff's request.  Id. ¶ 11; Ex. C (Letter to plaintiff dated November 2, 2006). The Secret Service also informed plaintiff that he had the right to appeal this determination.  Id. The Secret Service has no record of receiving any further correspondence from plaintiff.  Id. ¶ 13.

39.     In late July or early August, the FOI/PA office was informed by the Office of Chief Counsel that plaintiff had filed the above captioned civil lawsuit in federal district court.  Id. ¶ 14.  In his complaint, plaintiff contends that he "appealed the no records response by letter dated December 16, 2006."  Id.  Plaintiff, however, did not attach the December 16, 2006 letter.  Id.

40.     As a result of receiving this information, the FOI/PA office had a search conducted of the Secret Service FOI/PA System of Records and the Office of the Chief Counsel System of Records.  Id. ¶ 15.  The Office of Chief Counsel receives FOI/PA appeals on behalf of the Secret Service Deputy Director.  Id.  A search was conducted for plaintiff's administrative appeal of the Secret Service's November 2, 2006 determination.  Id.  This search found no responsive records indicating that plaintiff had filed an administrative appeal.  Id.

11

**Request Submitted to EOUSA**

41.    By letter dated August 24, 2006 and received by EOUSA FOIA/PA on September 18, 2006, plaintiff submitted a request for records concerning himself located in the districts of North Carolina.  Ex. 6, Declaration of Dione J. Stearns ("Stearns Decl.") ¶ 5; Ex. 1 (Plaintiff's FOIA request dated August 24, 2006).

42.    EOUSA FOIA/PA acknowledged plaintiff's request in a letter dated October 6, 2006, and advised that it had trifurcated his request for processing purposes based on three separate United States Attorney's Offices in the North Carolina districts.  Id.; Ex. 2 (Letter to plaintiff dated October 6, 2006).  Each file was assigned a separate request number, for which plaintiff would receive a separate response.  Id.  Those three request numbers were Request Numbers 06-3216, 06-3217, and 06-3218.  Id.

**Request Number 06-3216**

43.    Request Number 06-3216 was assigned to the United States Attorney's Office ("USAO") for the Eastern District of North Carolina.  Id. ¶ 7.  By letter dated February 8, 2007, EOUSA informed plaintiff that a search revealed no responsive records concerning plaintiff.  Id.; Ex. 3 (Letter to plaintiff dated February 8, 2007).  In conducting a search for responsive records, the USAO for the Eastern District of North Carolina used plaintiff's name in criminal and civil records.  Id. ¶ 10.  The specific computer tracking systems utilized in search for records pertaining to plaintiff were Talon and Lions.  Id.  In addition, an email was sent to staff in the office seeking responsive records.  Id.  No responsive records were located.  Id.  Plaintiff did not appeal this determination prior to filing this lawsuit.  Id. ¶ 12.

12

**Request Number 06-3217**

44.     Request Number 06-3217 was assigned to the USAO for the Middle District of North Carolina.  <u>Id.</u> ¶ 8.  By letter dated August 9, 2007, EOUSA informed plaintiff that a search for records in the Middle District of North Carolina revealed no responsive records.  <u>Id.</u>, Ex. 4 (Letter to plaintiff dated August 9, 2007).  In conducting its search for records, the USAO for the Middle District of North Carolina conducted systematic searches for criminal, civil, and asset forfeiture records under plaintiff's name.  <u>Id.</u> ¶ 11.  The Talons and Lions systems were utilized for searching for records.  <u>Id.</u>  No responsive records were located.  <u>Id.</u>  Plaintiff did not appeal this determination prior to filing this lawsuit.  <u>Id.</u> ¶ 12.

**Request Number 06-3218**

45.     Request Number 06-3218 was assigned to the USAO for the Western District of North Carolina.  <u>Id.</u> ¶ 9.  By letter dated January 31, 2007, EOUSA informed plaintiff that pursuant to the plea agreement he executed in criminal case No. 02-CR-105-6, he had waived all rights to request or receive the records he sought from any department or agency of the United States pertaining to the investigation or prosecution of this case, including without limitations, any records that may be sought under the FOIA or the PA.  <u>Id.</u>; Ex. 5 (plea agreement); Ex. 6 (Letter to plaintiff dated January 31, 2007).  Plaintiff did not appeal this determination prior to filing this lawsuit.  <u>Id.</u> ¶ 12.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

     /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


     /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Allen Lemay, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 07-1082 RJL |
| ) | |
| Bureau of Alcohol, Tobacco, Firearms ) | |
| and Explosives, et al, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1    I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and

Explosives (ATF), Department of Justice (DOJ).  In this capacity, I receive all requests made of

ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974

(PA), 5 U.S.C. § 552a.   In this capacity, I also review all requests referred to ATF from other

agencies that have located ATF-originated documents in their records while processing their

FOIA and PA requests.  I am responsible for processing all FOIA and PA requests, initiating

searches relevant to such requests, supervising the determination of what records should be

disclosed, processing all documents referred to ATF and to other agencies, and recording all

administrative appeals filed with ATF.

2.  I declare that the statements made herein are based on knowledge acquired by me

through the performance of my official duties.   I am familiar with the procedures followed by this office in responding to the FOIA request made by Mr. Anthony Allen Lemay.

### Chronology

3.  On September 5, 2006, ATF's Disclosure Division received by mail a FOIA request dated August 23, 2006 from Mr. Lemay.  Mr. Lemay requested all documents, records and information maintained by ATF that were in any way connected, related, or in reference to him. Additionally, Mr. Lemay noted that "forfeiture or criminal investigatory records concerning Florida or Texas investigations" may assist ATF in its search.  See Exhibit A, letter dated August 23, 2006.

4.  By letter dated September 6, 2006, the Disclosure Division acknowledged receipt of Mr. Lemay's request and informed him that a response would be mailed within 20 days. Exhibit B, letter dated September 6, 2006.

5.  By letter dated September 25, 2006, the Disclosure Division informed Mr. Lemay that his request was anticipated to be granted in part; however, the Disclosure Division anticipated a short delay and that the response would be forthcoming.  See Exhibit C, letter dated September 25, 2006.

6. By letter dated November 8, 2006, the Disclosure Division released responsive documents to Mr. Lemay.  The documents consisted of a case report and a list of exhibits that were responsive to his request.  The Disclosure Division withheld portions of the documents in part under FOIA exemption (b)(7)(C) and (b)(7)(D) as noted on the attached cover sheet. letter informed Mr. Lemay of his right to obtain the rest of the documents in his file upon agreement to pay up to $25.00.  In addition, the letter explained both Mr. Lemay's right to an

2

administrative appeal and the procedure for filing such an appeal.  See Exhibit D, letter dated

November 8, 2006 and attached cover sheet.

## Exhaustion

7.  In response to Mr. Lemay's allegations in his complaint, my staff contacted the Office

of Information and Privacy (OIP) to determine if there had been an administrative appeal

regarding ATF filed by Mr. Lemay.  OIP informed my staff that it has no records of any such

appeal.  Pursuant to Department of Justice (DOJ) Regulations (28 C.F.R. § 16.9(c)) and the

FOIA a requester is required to make an administrative appeal to an initial determination prior to

praying for judicial relief; therefore, Mr. Lemay has failed to exhaust his administrative remedies

per DOJ regulations.

I declare under penalty of perjury that the foregoing is true and correct.  Executed

this 20 day of September 2007.

Averill P. Graham
Chief, Disclosure Division

3

3-09-06
06-1499    HL

**FOIA REQUEST**

To: Director                                     Date: August 23, 2006

Bureau of Alcohol, Tobacco, Firearms & Explosives

Department of Justice

Washington, D. C. 20226


Dear Sir:

    This is a request under the Freedom of Information Act.
    I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All investigatory, forfeiture records, especially in the North

Carolina Field Offices.


    I will pay reasonable search and reproduction fees.
        My Biographical data is as follows:

FULL NAME: ANTHONY ALLEN LEMAY

DATE OF BIRTH

PLACE OF BIRTH Bartow,

SOCIAL SECURITY NUMBER

    I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 23rd day of August , 2006

                  By X _____
                      Affiant/Declarant Herein

    USC Section 1746)


Name: ANTHONY LEMAY

    No. 18194-058


United States Penitentiary
Box 2068
INEZ, Kentucky 41224



cc    file



**EXHIBIT A**

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

SEP - 6 2006

100060-ML

Mr. Anthony Allen Lemay
Reg. No. 18194-058
United States Penitentiary
Post Office Box 2068
Inez, Kentucky  41224

Dear Mr. Lemay:

This is to acknowledge your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request was received on September 5, 2006, and has been assigned number 06-1499; a response will be mailed to you within 20 (twenty) business days from the date of receipt.

Sincerely yours,

( S|

April Sands
Disclosure Assistant

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

*U.S. Government Printing Office: 2005—310-398/92303

**EXHIBIT  B**

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Correspondence Approval and Clearance

SEP 2 5 2006

Refer to:  06-1499

Mr. Anthony A. LeMay
# 18194-058
U.S.P.
P.O. Box 2068
INEZ  KY  1224

Dear Mr. LeMay:

This is in regarding your Freedom of Information Act request for access to information maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

It is our intent to grant your request in part, however; we must inform you that there will be a short delay.  We anticipate that we will release the disclosable portions to you by the end of October upon completion of our review and copying.

We apologize for the delay and will do all we can to meet the anticipated date.

Sincerely,


Marilyn R. LaBrie
Team Leader, Disclosure Division

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|
| Surname | | | | | | | |
| Date | | | | | | | |

*U.S. Government Printing Office: 2005—310-396/82303

**EXHIBIT  C**

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

√33 days
8 pgs
7C, 7D.

NOV 8 - 2006

REFER TO: 06-1499 AG

Mr. Anthony A. LeMay
Register #18194-058
U.S.P. – Post Office Box 2068
Inez, Kentucky 41224

Dear Mr. LeMay:

This is in further response to your initial Freedom of Information Act (FOIA) request for access to information maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), regarding you.

Your request is granted in part. The segregable portions of the records are being released, and portions are being withheld for the reasons indicated on the enclosed "Document Cover Sheet".

Do be advised that the enclosed pages are the case report and list of exhibits responsive to your request. If you wish to obtain the documents that remain in your file, you must agree to pay up to $25.00, in excess of the FOIA provisions; which allows you two hours search free of charge and 100 pages, free of duplication fees which is 10 cents per page. .

Do not send any money at this time only your firm agreement to pay $25.00 if it becomes necessary. If you do not want any more records do advise us and we will give you your appeal rights.

We await your response. If you have any questions do not hesitate to write again, or call at (202) 927-8480.

Sincerely yours,

(Signed) Averill P. Graham

Averill P. Graham
Chief, Disclosure Division

Enclosure

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

*U.S. Government Printing Office: 2005—310-398/92303

**EXHIBIT D**

NOV 8 - 2006

## DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| 1. Requesters' name | 2. File no. | 3. Requested documents were referred by the following agency: |
|---|---|---|
| Mr. Anthony A. Le May | 06-1499 | |

| 4. Documents are being released: [ ] at cost [✓] without cost | 5. Package ends with documents no.: -8- | 6. Total no. of documents denied: -0- |
|---|---|---|

7. Exemptions cited for information withheld on pages released: (See Part II of explanations of exemptions)

[ ] (b) (1)    [ ] (b) (2)    [ ] (b) (3) _____    [ ] (b) (4)    [ ] (b) (5)    (b) (6)

[ ] (b) (7) (A)    [ ] (b) (7) (B)    [ ] (b) (7) (C)    [ ] (b) (7) (D)    [ ] (b) (7) (E)    ] (b) (7) ( F)

8. Documents completely withheld:

Document no. ——Exemption          Document no. ——Exemption          Document no. ——Exemption

9. The records identified above have been determined to be most directly responsive to your request. Other records, described below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted). These records generally consist of similar or repetitive information that restates information contained in the package being released. A sample of index of these records is included in this released. The following records are available upon written request:

No. of pages

(a) Exhibits to Report (See index on page_____)
(b) Surveillance Reports (See sample page_____)
(c) Interagency Telegrams and Messages (See sample page___
(d) Property Disposition records (See sample page_____)
(e) Newspaper or magazine article (See sample page_____)
(f) Miscellaneous (See sample page)

Note: To obtain copies of these records, identify which records you want count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Division, ATF; 650 Mass. Ave., Rm 8400, Washington, DC 20226. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

(Parts II and III on reverse side)

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY A. LEMAY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-1082 RJL |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS & EXPLOSIVES, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information Operations Unit (SARO).

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

6. By letter dated August 23, 2006, the plaintiff requested a search of all records concerning himself, including criminal investigatory, forfeiture, and other records. The plaintiff also requested that DEA's North Carolina field offices be searched  A copy of the plaintiff's letter dated August 23, 2006, is attached as Exhibit A.

7. By letter dated November 16, 2006, DEA acknowledged the plaintiff's request, informing him that it had been FOIA Request Number 07-0030-P. DEA also informed the plaintiff that it had conducted a search of its system of records and had found no records concerning him, and suggested that he could assist it in conducting a further search by providing additional search criteria. It was requested that the plaintiff provide any aliases used, alternate dates of birth or Social Security Numbers, previous addresses, date of arrest, and names of any DEA law

-2-

personnel who participated in his criminal investigation. A copy of the DEA letter dated
November 16, 2006, is attached as Exhibit B.

8. As of this date, DEA has received no further correspondence from the plaintiff.

9. As of this date, no record exists that the plaintiff appealed the DEA determination to the
Department of Justice, Office of information and Privacy (OIP). Department of Justice Agency
rules contained at 28 C.F.R. § 16.9 provides for the appeal of adverse determinations and sets out
the address to which the appeal may be sent.

## ADEQUACY OF SEARCH

10. Any investigative information about the plaintiff was reasonably likely to be found in the
DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008. IRFS is a DEA
Privacy Act System of Records that contains all administrative, general and investigative files
compiled by DEA for law enforcement purposes.

11. No other record system was reasonably likely to contain information responsive to the
plaintiff's request.

12. The DEA Narcotics and Dangerous Drugs Information System (NADDIS) is the index to
and the practical means by which DEA retrieves investigative reports and information from
IRFS. Individuals are indexed and identified in NADDIS by their name, Social Security
Number, and/or date of birth. As an index, NADDIS points to investigative files and particular

-3-

DEA Reports of Investigation (ROI), DEA Form-6 or other documents by date, that contain information regarding a particular individual or subject of an investigation.

13. On October 13, 2006, DEA conducted a NADDIS query. The query was conducted by a SARO Freedom of Information Specialist, using the plaintiff's name, Social Security Number, and date of birth. No records concerning the plaintiff were located.

14. Upon receipt of the complaint, on July 9, 2007, I conducted an additional NADDIS query. The result of the query was that search found no DEA records regarding the plaintiff were indicated.

15. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.


_9-20-07_
DATE

_Leila L. Wassom_
Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537

-4-

# EXHIBIT A

**FOIA REQUEST**

To: __Director__                            Date: __August 23, 2006__

Drug Enforcement Administration

Department of Justice

Washington, D. C. 20537

Dear Sir:

    This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:
ALL RECORDS.  Criminal Investigatory; Forfeiture and otherwise.
Search North Carolina Field Offices as well.

    I will pay reasonable search and reproduction fees.

    My Biographical data is as follows:

FULL NAME: __ANTHONY ALLEN LEMAY__

DATE OF BIRTH __November -,  . . .__

PLACE OF BIRTH __Bartow, Florida USA__

SOCIAL SECURITY NUMBER __. .    . .  .__

    I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this __23rd__ day of __August__      , __2006__.

              By __X_ _Anthony L. Lemay___
                          Affiant/Declarant Herein

(28 USC Section 1746)

Name: __ANTHONY LEMAY__

Reg. No. __18194-058__

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

# EXHIBIT B

 

**U.S. Department of Justice**
Drug Enforcement Administration

NOV 1 6 2006

---

*Case Number: 07-0030-P*

*Subject of Request: LEMAY, ANTHONY ALLEN*

Anthony Allen Lemay #18194-058
USP Inez
P.O. Box 2068
Inez, KY 41224

Dear Anthony Allen Lemay:

The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request letter dated August 23, 2006, seeking access to records pertaining to you. Your request has been opened and assigned the above number. Please include this number in any future correspondence to this office regarding this request.

I regret the delay in responding to your initial request letter. We are at this time experiencing a large backlogging of incoming FOI/PA requests that has impacted our response time to the public. However, this matter has not impacted the quality of our service and our dedication to the public at large, including your request.

Based on your request, the information you are seeking may be maintained in several DEA information systems including the DEA Investigative Reporting and Filing System (IRFS). IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes. DEA retrieves investigative information about an individual or company from the IRFS using the DEA Narcotics and Dangerous Drug Information System (NADDIS). We queried the NADDIS system using the search criteria you provided in your initial request letter. As a result of our query, we did not locate any responsive records pertaining to you. However, you can assist our office in conducting a further search by providing additional search criteria. It is requested that you provide any aliases used, any other dates of birth used, a previous address (both residential and/or criminal), a DEA investigative file number(s), date of arrest, any other Social Security Numbers used, as well as the name(s) of any DEA law enforcement personnel who participated in your criminal investigation.

This letter confirms your obligation as indicated in your initial request letter, that by filing this request, you have agreed to pay all applicable fees charged under 28 C.F.R. § 16.11. For purposes of assessing fees, your request has been categorized as *"all others"* in which you will be afforded two (2) hours of search and 100 pages of duplication at no charge. You will be responsible for all other fees incurred beyond the above threshold. At that time, the DEA will be able to provide you with an estimate of any fees for processing your request.

2

If you provide any additional information, we will conduct a second search of the DEA computerized indices for any responsive records pertaining to you. To this end, no further action will be taken regarding your request until we are in receipt of the additional information requested above. Please forward your response to the following address:

> Drug Enforcement Administration
> Freedom of Information Section
> Washington, D.C. 20537

If you are dissatisfied with this determination, you may wish to file an appeal and can do so within sixty (60) days pursuant to 28 C.F.R. 552 § 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal".

> Co-Director
> Office Information and Privacy
> NYAV Building, 11TH Floor
> Washington, D.C. 20530

> Sincerely,

> Katherine L. Myrick
> Chief, Operations Unit
> FOI/Records Management Section

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY ALLEN LEMAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:07-cv-01082 |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS and EXPLOSIVES, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF PAMELA A. ROBERTS

I, Pamela A. Roberts, declare the following to be true and correct:

1.  I am an attorney in the Criminal Division of the United States Department of Justice assigned to the Office of Enforcement Operations. My specific assignment at the present time is that of Litigation Attorney for the Division's Freedom of Information Act/Privacy Act Unit (FOIA/PA Unit).

2.  In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and the Privacy Act (PA), 5 U.S.C. § 552a *et seq.*, and to provide litigation support and assistance to Assistant United States Attorneys and to Department trial attorneys litigating these cases in District Court. In conjunction with these duties, I review processing files that have been compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit. I also

1

consult with the Unit Chief, who supervises the Unit's processing of FOIA and PA requests, and with the supervisory paralegals to confirm that determinations to withhold or to release records of the Criminal Division have been made in accordance with the provisions of both the FOIA and the PA, and with Department of Justice regulations - 28 C.F.R. § 16.1 *et seq.*

3.  I make this declaration on the basis of information acquired through the performance of my official duties.

## SUMMARY OF CORRESPONDENCE

4.  By letter dated August 24, 2006, plaintiff made a FOIA request to the Department of Justice's Criminal Division for the copies of all documents pertaining to him. In his letter, he requested that the Criminal Division send him the appropriate form so that he could indicate which Privacy Act systems he would like searched. *See* Exhibit 1.

5.  By letter addressed to the plaintiff dated September 25, 2006, the Criminal Division acknowledged receipt of plaintiff's FOIA/PA request and assigned it case number CRM-200600959P. Plaintiff was notified that in order for the FOIA/PA Unit to thoroughly search for records in his name, additional information would be necessary. Enclosed with the letter were two forms that plaintiff could utilize in providing the additional information; specifically, the first form was the "Privacy Act Identification and Request Form" and the second was the form that plaintiff had requested which was the "Criminal Division Privacy Act System of Records" form. Furthermore, plaintiff was advised that when the above-referenced forms were completed and returned, the Criminal Division would conduct a search of the appropriate indices to determine what records may exist which are relevant to

2

his request. Plaintiff was advised that CRM-200600959P would be closed and a new case number would be assigned when the above-mentioned forms were returned. The Criminal Division also notified plaintiff of his appeal rights should he consider this letter a denial of his Privacy Act request. *See* Exhibit 2.

6. On July 12, 2007, the Criminal Division's FOIA/PA Unit received a copy of a Complaint in a civil action filed by the plaintiff from the Civil Division of the United States Attorney's Office for the District of Columbia.

7. The plaintiff alleged in Count IV of the complaint that (1) by a letter dated August 24, 2006 he made a request to the Criminal Division for records in his name; (2) by letter dated September 25, 2006, the Criminal Division supplied plaintiff with forms to fill out and send back; (3) he completed the forms and mailed them to the Criminal Division; (4) he did not receive a response from the Criminal Division; (5) by letter dated December 16, 2006, he sought an administrative appeal with the Office of Information and Privacy (OIP) for the failure of the Criminal Division to respond to his request; and (6) OIP never responded to his appeal.

8. According to the FOIA/PA's database, there is no record that plaintiff returned the required forms. Had plaintiff returned the forms, the FOIA/PA Unit would have recorded the correspondence in its database and created a new file to process his perfected request. Further, I also checked with the Office of Information and Privacy (OIP) and they informed me that they have no record of an administrative appeal from plaintiff.

9. In light of plaintiff's litigation, the Criminal Division's FOIA/PA Unit sent plaintiff a letter on July 18, 2007, attaching another set of forms required for the processing

3

of his request. Further, in light of the litigation, and despite not having received the required forms, the Criminal Division's FOIA/PA Unit conducted a search of the central index of records, the system most likely to contain records concerning him. In its letter of July 18, 2007, the FOIA/PA Unit advised plaintiff that the search revealed no records concerning him. *See* Exhibit 3.

10. As of the date of this declaration, the Criminal Division's FOIA/PA Unit has received no further response from plaintiff in regard to the Criminal Division's letter of July 18, 2007.

## SEARCHES FOR RESPONSIVE RECORDS

11. In processing requests from individuals seeking information on themselves, the Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records). When a search of this Central Index reflects responsive, or potentially responsive records, a search for such records is sent to the section identified as having custody of the records.

12. In the present matter, a search for plaintiff's records in the JUSTICE/CRM-001 Privacy Act system of records was undertaken on July 17, 2007, and revealed no responsive records identifiable with plaintiff's name. In conducting such a search, the FOIA/PA Unit relies on its many years of experience in searching for records responsive to FOIA/PA requests. Designated personnel employed by the FOIA/PA Unit undertook a search for responsive materials, which is to be undertaken in the same manner as if the Criminal

Division were seeking the information for its own, official purposes. [1]

13. I have personally reviewed the original, signed search response in this case, and have verified that no record responsive to plaintiff's request was located in the JUSTICE/CRM-001 system.

14. Although the initial JUSTICE/CRM-001 search failed to identify records pertaining to plaintiff, as noted, the Criminal Division also routinely affords Privacy Act requesters the opportunity to designate specific Privacy Act systems of records to be searched by means of a "Privacy Act Systems of Records" form. This form lists the Division's systems of records and provides a short description of the nature of records maintained in each system. Requesters are given the opportunity to designate specific systems to be searched merely by placing a check mark adjacent to the system description.

15. Since the Criminal Division has not received the completed forms from plaintiff including the "Privacy Act Systems of Records" form, the Criminal Division has no further details regarding plaintiff's case in order to conduct a more comprehensive search for responsive records.

16. It would not be surprising for the Criminal Division to have no records responsive to plaintiff's request. The great majority of Federal crimes are prosecuted by the local United States Attorney's Office, independently, of the Criminal Division, and copies

---

[1]Unlike the Federal Bureau of Investigation or the Federal Bureau of Prisons, the Criminal Division assigns no special identification numbers to individuals. Nor does it maintain files based on social security numbers. Nor does it maintain any field offices outside the Washington, D.C. area. Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross-reference" files requiring separate searches.

5

of such records are ordinarily not maintained in the Criminal Division.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _Aug. 6, 2007_

_Pamela A. Roberts_
PAMELA A. ROBERTS

2006000959P

**FOIA REQUEST**

To: Thomas McIntyre, Chief                          Date: August 24, 2006

FOIA/PA Unit, CRIMINAL DIVISION

Department of Justice - Keeney Bldg

950 Pennsylvania Ave., NW

Washington, D. C.  20530

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

ALL RECORDS.  Search all components, and send me the forms to

check off which ones I need searched.

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME:  ANTHONY ALLEN LEMAY

DATE OF BIRTH

PLACE OF BIRTH Bartow, Florida USA

SOCIAL SECURITY NUMBER

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 24th day of _____ August _____, 2006.

By X _____
Affiant/Declarant Herein

(28 USC Section 1746)

Name:  ANTHONY LEMAY

Reg. No.  18194-058

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

SEP 1 9 2006

cc : file

EXHIBIT 1



**U. S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

CRM-200600959P

Anthony Lemay
Reg. No. 18194-058
United States Penitentiary
Box 2068
Inez, KY 41224

SEP 2 5 2006

Dear Mr. Lemay:

    This will acknowledge receipt of your letter of August 24, 2006, requesting records relating to you.

    We were unable to search for the records you requested because you have not furnished the following item(s) in compliance with 28 C.F.R. 16.41.

[ ]  <u>Certification of Identification Form</u>.  Notarized signature or Declaration pursuant to 28 U.S.C. Section 1746.

[X]  <u>Privacy Act Identification and Request Form</u>.  This form is requested because our experience indicates that many persons throughout the country have the same or similar names.

[X]  <u>**CURRENT** Descriptive List of Systems of Records Maintained by the Criminal Division</u>.  Please review this list and indicate which systems you wished searched.

    A copy of each requested form is enclosed.

    Please be advised that this Office processes only records maintained by the Criminal Division of the United States Department of Justice.  Your request also seeks information maintained by one or more other components of the Justice Department, or other Federal agencies.  The enclosed list contains the addresses of other offices to which you may wish to send requests, if you have not done so already.  We have highlighted any office you have mentioned specifically.

1B
3/19/06

KH 9/22/06

**FILE COPY**

EXHIBIT 8

We are closing out this request. Upon receipt of the completed form(s), we will assign a new number to your request and process it. Please return the requested form(s) to:

Thomas J. McIntyre, Chief
FOIA/PA Unit, Criminal Division
DOJ, Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530.

If you treat this response as a denial, you have a right to an administrative appeal. The appeal should be in writing and addressed to: Assistant Attorney General, Office of Legal Policy (Attention: Office of Information and Privacy) United States Department of Justice, Washington, D.C. 20530. The envelope and letter should be clearly marked, "FOIA/PA Appeal". If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia.

Sincerely,


Thomas J. McIntyre, Chief
Freedom of Information Act/Privacy Act Unit
Office of Enforcement Operations
Criminal Division



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                                    *Washington, D.C.  20530*

CRM-200600959P

Mr. Anthony Lemay
Reg. No. 18194-058
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

Dear Mr. Lemay:

        In response to your Freedom of Information Act (FOIA) litigation filed in the United
States District Court for the District of Columbia, we are enclosing another set of forms required
for the processing of your request.  Our records indicate that we never received the first set that
you returned.  The completed forms should be returned to: Thomas J. McIntyre, Chief, FOIA/PA
Unit, Criminal Division, Keeney Building, Suite 1127, Department of Justice, 950 Pennsylvania
Avenue, N.W., Washington, D.C. 20530.  Upon receipt of the completed forms, we will assign a
new number to your request and process it.

        We initiated a search of Justice/CRM-001, our central index of records and the system
most likely to contain records concerning you.  You are advised that a search of that system did
not locate any records concerning you.


                                Sincerely,



                                Thomas J. McIntyre, Chief
                                Freedom of Information Act/Privacy Act Unit

4/17/07
BAR


**FILE COPY**


EXHIBIT 3

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY ALLEN LEMAY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-1082 |
| UNITED STATES POSTAL SERVICE | ) |
| | ) |
| Defendant | ) |
| | ) |

## DECLARATION OF MILDRED R. BAXTER

I, **Mildred R. Baxter**, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. Since December 14, 2002, I have been employed as one of three information disclosure technicians in the Office of Counsel of the U.S. Postal Inspection Service, the law enforcement component of the United States Postal Service, in Washington, D.C. I have served in the Office of Counsel at all times relevant to the above-captioned case.

2. The Chief Postal Inspector is the official custodian of all Inspection Service records, including records relating to criminal investigations, maintained by the Postal Inspection Service. As an information disclosure technician, I am responsible for the processing of requests for access to Inspection Service records made pursuant to the

-1-

Freedom of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5 U.S.C. §552a (1988). I analyze requests under these Acts which are referred to the Postal Inspection Service, conduct searches to locate responsive records and prepare responses of the Postal Inspection Service to the requester(s). It is my responsibility to make the determinations to withhold, redact or to release records of the Postal Inspection Service in accordance with the provisions of both the FOIA and PA, and Postal Service regulations 39 C.F.R. § 265.1 et. seq.

3.    I make the statements herein on the basis of personal knowledge, as well as on the basis of information acquired by me through the performance of my official duties. I am familiar with the procedures followed by this office in responding to the FOIA request made by plaintiff, Anthony Allen Lemay.

## CHRONOLOGY

4.    By letter dated August 24, 2006, and received by this office on September 20, 2006, Mr. Anthony Allen Lemay submitted a FOIA request for "all records in connection to any mail watch in any way connected to my name in North Carolina." (Exhibit A, attached).

5.    By letter dated September 21, 2006, receipt of his request was acknowledged and Mr. Lemay was informed that his request was assigned FOIA No. 2006-FPIS-00350. He was also advised that his request would be delayed in order to conduct appropriate file searches for responsive Inspection Service records (Exhibit B, attached).

6.    I utilized the Inspection Service's database to conduct a preliminary search of the Inspection Service Integrated Information System (ISIIS), which is the national, integrated database containing investigatory information from Inspection Service investigations. This search disclosed no records of investigation or complaint concerning Anthony Allen Lemay.

7.    By electronic message sent on September 21, 2006, a record search was requested by this office to be conducted of the files of the Postal Inspection Service's Charlotte, NC, Division; the Criminal Investigations Service Center's national mail cover database in Chicago, IL; and the national security mail cover database in Washington, D.C. (Exhibit C, attached).

8.    By electronic message dated September 21, 2006, I received a response from the FOIA coordinator of the Charlotte Division, who informed this office that the Charlotte Division had a negative response to the FOIA request which indicated there were no records pertaining to Mr. Lemay.  (Exhibit D, attached).

9.    By electronic message dated September 21, 2006, I received a response from the program specialist, Washington, D.C., of the national security mail cover database, who stated the system had no records pertaining to Mr. Lemay.  (Exhibit E, attached).

-3-

10. By electronic message dated September 27, 2006, I received a response from the program specialist, Chicago, IL, of the national mail cover database, who stated the system had no records pertaining to Mr. Lemay. (Exhibit F, attached).

11. By letter dated September 28, 2006, I drafted correspondence responding to Mr. Lemay's FOIA request Number 2006-FPIS-00350. Mr. Lemay was informed that the search of Inspection Service files disclosed no record concerning him, including a mail watch. Mr. Lemay was also advised that he had a right to appeal this response and was provided a copy of the appeal procedures. (Exhibit G, attached).

## ADEQUACY OF SEARCH

12. The Inspection Service conducts criminal, civil, and administrative investigations. The files containing records about inactive closed investigations are physically located in the Criminal Investigations Service Center (CISC) in Chicago, Illinois, or the Security Investigations Service Center (SISC) in Memphis, Tennessee, until they are transferred to a local Federal Records Center. Investigative files may contain investigative reports, notes, memoranda, background data including arrest records, statement of informants and witnesses, laboratory reports of evidence analysis, search warrants, summons and subpoenas, and other information related to the investigation. The records at issue are covered in the System of Records called the Investigative File System (USPS Handbook AS-353, Section 700.000). Personal data in the Investigative File System may contain fingerprints, handwriting samples, reports of confidential Informants,

physical identifying data, voice prints, polygraph tests, photographs, and individual personal and payroll information. The Inspection Service Integrated Information System (ISIIS) is an electronic web-based case management database that contains case file and other information in support of investigations. The contents of these files are accessible by name and/or social security number. Records are maintained 1 to 15 years depending on type.

I declare under penalty of perjury that the matters set forth herein are correct and true to the best of my information, knowledge, and belief.

Executed this 12th day of July, 2007.

Mildred R. Baxter
Information Disclosure Technician
Office of the Chief Inspector
U. S. Postal Inspection Service

-5-

# EXHIBIT A

| U. S. Postal Service ROUTING SLIP | Office or Room No. | |
|---|---|---|
| To: | | ☐ Approval |
| 1 ATTN: Mike Rae | | ☐ Signature |
| | | ☐ Comment |
| 2 Inspector Attorney | | ☐ See Me |
| | | ☐ As Requested |
| 3 Cleveland Field Office | | ☐ Information |
| | | ☐ Read and Return |
| | | ☐ Read and File |
| 4 | | ☐ Necessary Action |
| | | ☐ Investigate |
| | | ☐ Recommendation |
| 5 | | ☐ Prepare Reply |
| From: Mike Galuppo | Phone No. | ☐ |
| AIAIC CFO | 9/12/06 | |
| Date | | Room No. |

Remarks:

FOIA Request /

RECEIVED

SEP 2 0 2006

Office ~~~~~~
Office of the Chief Inspector

Mr-
Rec'd
9-18-06
(or sooner
9-8to15-04)

Forwarded to
B White
9-18-06

ITEM 0-13, April 1998    (Additional Remarks on Reverse)

*No prev.* 15
2006-FPIS-00350

## FOIA REQUEST

To: <u>Postmaster General</u>    Date: August 24, 2006

<u>United States Postal Service</u>

<u>475 L'Enfant Plaza, SW</u>

<u>Washington, D. C. 20260</u>

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

<u>I request all records in connection to any MAIL WATCH in any way</u>

<u>connected to my name in North Carolina.</u>

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME: ANTHONY ALLEN LEMAY

DATE OF BIRTH    November

PLACE OF BIRTH    Bartow, Florida USA

SOCIAL SECURITY NUMBER

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this  24th day of  August    , 2006.

By X _Andy Le Moy_
Affiant/Declarant Herein

(28 USC Section 1746)

Name:    ANTHONY LEMAY

Reg. No.    18194-058

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

# EXHIBIT B



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

September 21, 2006

Mr. Anthony Allen Lemay
Reg. No. 18194-058
USP Big Sandy
P.O. Box 2068
Inez, KY  41224-2068

RE: FOIA No. 2006-FPIS-00350

Dear Mr. Lemay:

This will acknowledge receipt of your letter dated August 24, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service pertaining to you.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis.

Sincerely,

/s/

M. Renee Baxter
Information Disclosure Technician

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-3944
FAX: 703-292-4083

# EXHIBIT C

**Baxter, M. Renee**

| | |
|---|---|
| From: | Baxter, M. [mrbaxter@uspis.gov] |
| Sent: | Thursday, September 21, 2006 11:03 AM |
| To: | Cyrankowski, Patricia A; Kowalski, Helen U; Soverino, Karen M; Baxter, M. Renee |
| Subject: | FOIA REQUEST - ANTHONY LEMAY (FOIA 2006-FPIS-00350) |

FOIA REQUEST -
\NTHONY LEMAY (..

1

September 21, 2006


To: Pat Cyrankowski,  FOIA Division Contact
    Helen Kowalski, Mail Cover
    Karen Soverino, SMC

From:  M. Renee Baxter


RE: FOIA Request – Anthony Allen Lemay
    FOIA No. 2006-FPIS-00350


In order that this office can respond to a FOIA request from Anthony Allen Lemay, please advise by email whether there are any records of investigation, mail cover, SMC, or any other record pertaining to Mr. Lemay.

State of North Carolina

DOB
SSN.

Unless release of information would interfere with enforcement proceedings at this time, please forward **TWO** unstapled copies of all locatable records on file relating to this subject to Rosslyn, VA, to my attention. Photocopies should be made on 8½ x 11 letter-sized paper only.  If your records search is negative, please advise before due date.

When responding, please refer to FOIA No. 2006-FPIS-00350 and provide the amount of search time utilized by professional and clerical personnel.  A response is requested by: 10/5/06.

Thank you for your assistance.

# EXHIBIT D

**Baxter, M. Renee**

| | |
|---|---|
| **From:** | Cyrankowski, Patricia A |
| **Sent:** | Thursday, September 21, 2006 3:05 PM |
| **To:** | Baxter, M. Renee |
| **Subject:** | RE: FOIA REQUEST - ANTHONY LEMAY (FOIA 2006-FPIS-00350) |

The Charlotte Division is submitting a negative response.

Pat Cyrankowski
704-329-9147

-----Original Message-----
From: Baxter, M. [mailto:mrbaxter@uspis.gov]
Sent: Thursday, September 21, 2006 11:03 AM
To: Cyrankowski, Patricia A; Kowalski, Helen U; Soverino, Karen M; Baxter, M. Renee
Subject: FOIA REQUEST - ANTHONY LEMAY (FOIA 2006-FPIS-00350)

# EXHIBIT E

**Baxter, M. Renee**

From:               Soverino, Karen M
Sent:               Thursday, September 21, 2006 12:40 PM
To:                 Baxter, M. Renee
Subject:            RE: FOIA REQUEST - ANTHONY LEMAY (FOIA 2006-FPIS-00350)


no record


Karen M Soverino

-----Original Message-----
From: Baxter, M. [mailto:mrbaxter@uspis.gov]
Sent: Thursday, September 21, 2006 11:03 AM
To: Cyrankowski, Patricia A; Kowalski, Helen U; Soverino, Karen M; Baxter, M. Renee
Subject: FOIA REQUEST - ANTHONY LEMAY (FOIA 2006-FPIS-00350)

# EXHIBIT F

**Baxter, M. Renee**

| | |
|---|---|
| **From:** | Kowalski, Helen U |
| **Sent:** | Wednesday, September 27, 2006 3:14 PM |
| **To:** | Baxter, M. Renee |
| **Subject:** | RE: FOIA REQUEST - ANTHONY LEMAY (FOIA 2006-FPIS-00350) |

I'm not sure if I replied to the above FOIA request but, there were no records found in the Mail Cover system for Anthony Allen Lemay.

Helen

-----Original Message-----
From: Baxter, M. [mailto:mrbaxter@uspis.gov]
Sent: Thursday, September 21, 2006 10:03 AM
To: Cyrankowski, Patricia A; Kowalski, Helen U; Soverino, Karen M; Baxter, M. Renee
Subject: FOIA REQUEST - ANTHONY LEMAY (FOIA 2006-FPIS-00350)

# EXHIBIT G





UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

September 28, 2006

Mr. Anthony Allen Lemay
Reg. No. 18194-058
USP Big Sandy
P.O. Box 2068
Inez, KY 41224-2068

RE: FOIA No. 2006-FPIS-00350

Dear Mr. Lemay:

This is in reference to your letter dated August 24, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding you.

A search was conducted of the Postal Inspection Service records at National Headquarters, as well as those records at the Charlotte Division and the Criminal Investigations Service Center, the field elements whose jurisdiction includes the state of North Carolina. This search disclosed no record that you have ever been the subject of a mail cover request from any government agency, including the Postal Service, or have been the subject of a file, record, or an investigation by the Postal Inspection Service.

In the event you treat this letter as a denial of your request for records, you have the right to appeal this denial by writing to the *Chief Counsel, Customer Programs, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260-1135*, within 30 days of the date of this letter. The letter of appeal should include a statement about the action or failure to act being appealed, the reasons why it is believed to be erroneous, and the relief sought, along with copies of your original request, this letter, and any other related correspondence.

Sincerely,

*M. R. Baxter*

M. R. Baxter
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-3844
FAX: 703-292-4083

# EXHIBIT 5

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANTHONY ALLEN LEMAY,      ) <br>                  ) <br>       Plaintiff,        ) <br>                  ) <br>       v.             ) <br>                  ) <br> UNITED STATES        ) <br> SECRET SERVICE, et al.,   ) <br>                  ) <br>       Defendants.    ) <br>                  ) | Civil Action No.:  07-1082 (RJL) |

<u>DECLARATION OF CRAIG W. ULMER
SPECIAL AGENT IN CHARGE, LIAISON DIVISION,
OFFICE OF GOVERNMENT AND PUBLIC AFFAIRS AND
FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
UNITED STATES SECRET SERVICE</u>

I, Craig W. Ulmer, hereby make the following declaration:

    1. I am the Special Agent in Charge of the Liaison Division in the Office of Government and Public Affairs and Freedom of Information and Privacy Acts (FOI/PA) Officer, United States Secret Service (hereinafter Secret Service), Department of Homeland Security (DHS). I have been assigned as the Secret Service FOI/PA Officer since August 6, 2007, and have been employed with the Secret Service as a Special Agent (GS-1811) since April 28, 1985.

    2. DHS regulations, title 6, Code of Federal Regulations, section 5.4, and Appendix A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as to whether to grant requests for Secret Service records (68 FR 4056, 4058, and 4069) made under

the Freedom of Information Act, title 5 of the United States Code, section 552 (FOIA). DHS

regulations, title 6, Code of Federal Regulations, section 5.22, and Appendix A, II(I)(3) (68 FR

4056, 4065, and 4069) likewise vest authority in the FOI/PA Officer, Secret Service, to make

initial determinations as to whether to grant requests for access to Secret Service records made

under the Privacy Act of 1974, title 5 of the United States Code, section 552a ("Privacy Act").

3. I have reviewed the documents located in Secret Service FOI/PA file

concerning this request, including those documents related to the search for responsive records.

The information presented below is that information known to me from a review of the FOI/PA

file concerning plaintiff's FOI/PA request, and the statements made herein are based on my

personal knowledge or on information made available to me in my official capacity.

4. By letter dated August 23, 2006, and received on September 14, 2006, the plaintiff

submitted a FOI/PA request to the Secret Service. The request was for any and all information or

records maintained by the Secret Service concerning plaintiff. A true and correct copy of this

letter with plaintiff's Social Security Number redacted is attached to this declaration as

Exhibit A.

5. By letter dated October 3, 2006, the Secret Service acknowledged receipt of plaintiff's

access request and advised plaintiff that the request had been assigned file number 20060517 and

that a search for responsive records was being conducted. A true and correct copy of this letter is

attached to this declaration as Exhibit B.

6. Pursuant to plaintiff's access request, and in accordance with its established practice,

the FOI/PA Office sent search requests for information responsive to plaintiff's FOI/PA request

to the Office of Investigations, Investigative Support Division (ISD).

2

7. The Office of Investigations plans, directs, and coordinates the criminal investigative responsibilities of the Secret Service, including investigations into violations of the laws of the United States relating to its currency and financial systems. ISD which is under the authority of the Office of Investigations is, among other things, responsible for a maintenance of a service wide electronic filing and indexing system, known as the Master Center Index (MCI).

8. The MCI is an on-line computer system used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications. The MCI provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. Individuals on whom the Secret Service maintains records are indexed when possible on MCI by name, Social Security Number, and/or date of birth.

9. To conduct its search for records responsive to plaintiff's FOI/PA request, ISD conducted an electronic search in the Secret Service MCI for the name "Anthony Allen Lemay." This search produced negative results. There were no files pertaining to an individual with both plaintiff's name and plaintiff's date of birth in the MCI system.

10. Thereafter, by letter dated November 2, 2006, the Secret Service FOI/PA Office notified plaintiff that a review of the Secret Service's systems of records indicated it did not maintain records responsive to plaintiff's request. The Secret Service also informed plaintiff of his appeal rights with respect to its determination that there were no responsive records. A true and correct copy of this letter is attached to this declaration as Exhibit C.

11. The Secret Service FOI/PA Office has no record of any further correspondence to or from plaintiff.

3

12. In late July or early August 2007, the FOI/PA Office was informed by the Office of Chief Counsel that plaintiff had filed the above captioned civil action in federal district court. At Count VI, paragraph. 4, of the complaint, plaintiff alleges that he "appealed the no records response by letter dated December 16, 2006." However, plaintiff did not attach any letter, dated December 16, 2006, addressed to the Secret Service.

13. As a result of receiving this information, the FOI/PA Office had a search conducted of the Secret Service FOI/PA System of Records, and the Office of Chief Counsel System of Records (the Office of Chief Counsel receives FOI/PA appeals on behalf of the Secret Service Deputy Director) for plaintiff's administrative appeal of the Secret Service's FOI/PA Office's November 2, 2006 determination. I am advised that a search of those systems found no record or document showing that plaintiff filed such an administrative appeal.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

SEPTEMBER 20, 2007
Date

Craig W. Ylmer

Special Agent in Charge,
Liaison Division, Office of Government and
Public Affairs and Freedom of Information
and Privacy Acts Officer
United States Secret Service

4

**To:** Director          **FOIA REQUEST**     **Date:** August 23, 2006

United States Secret Service

Department of Homeland Security

Washington, D. C. 20223

Dear Sir:

    This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All records including those in North Carolina

    I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME: ANTHONY ALLEN LEMAY

DATE OF BIRTH ___ November ___

PLACE OF BIRTH Bartow, Florida USA

SOCIAL SECURITY NUMBER

    I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 23rd day of ___ August ___, 2006.

By X _Anthony L. Lemay_
        Affiant/Declarant Herein

(28 USC Section 1746)

Name: ANTHONY LEMAY

Reg. No. ___ 18194-058 ___

**United States Penitentiary**
**Box 2068**
**INEZ, Kentucky 41224**

PRIVACY ACTS OFFICER
FREEDOM OF INFORMATION,
2006 SEP 14 A 10:14
RECEIVED
U.S. SECRET SERVICE

cc : file

EXHIBIT
A



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Anthony Allen Lemay
Reg. No. 18194-058
U.S.P. Big Sandy
P.O. Box 2068                                    OCT 3  2006
Inez, KY  41224

File Number:  20060517

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on September 14, 2006, for information pertaining to yourself.

A search for files responsive to your request is being conducted.  When the results of the search are known, you will be notified.

Please use the file number indicated above in all future correspondence with this office.

We solicit your cooperation and assure you that the search will be conducted as expeditiously as possible.

                                      Sincerely,

                                      Kathy J. Lyerly
                                      Special Agent In Charge
                                      Freedom of Information &
                                      Privacy Acts Officer

BCC:  Official File (177.060/177.070)
      Chron. File
      Subject File   SUBJECT FILE
KJLyerly/aa  9/20/2006I:\WD2KTMPT\ACKNOW.DOT

EXHIBIT
B



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Anthony Allen Lemay                                    NOV  ?
Reg. No. 18194-058
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY  41224

File Number:  20060517

Dear Requester:

Reference is made to your Freedom of Information/Privacy Acts request originally received by the
United States Secret Service on September 14, 2006, for information pertaining to yourself.

A review of the Secret Service's systems of records indicated that there are no records or documents
pertaining to your request in Secret Service files.  Enclosed is a copy of your original request.

If you disagree with our determination, you have the right of administrative appeal within 35 days
by writing to Freedom of Information Appeal, Deputy Director, U. S. Secret Service, 245 Murray
Drive, Building 410, Washington, D.C. 20223.  If you choose to file an administrative appeal,
please explain the basis of your appeal and reference the case number listed above.

Sincerely,

*Donald K. Hawkins for*

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

Enclosure:  Copy of Original Request
BCC:   Official File (177.060/177.070)
       Chron. File
       Subject File SUBJECT FILE

KJLyerly/aa 10/26/2006

DOCUMENT2

EXHIBIT

_C_

# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY ALLEN LEMAY,                    )
                                        )
              Plaintiff,                )
                                        )
                                        )  Civil Action No. 07-1082-RJL
        V.                              )
                                        )
BUREAU OF ALCOHOL, TOBACCO,             )
FIREARMS, and EXPLOSIVES, ET AL         )
                                        )
              Defendants                )

## DECLARATION OF DIONE J. STEARNS

I, Dione J. Stearns declare the following to be a true and correct statement of facts:

1)    I am an attorney advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include:

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5.U.S.C. §552a (1988) ("PA");

the review of FOIA/PA requests for access to records located in this office and 93 United States

Attorney's offices (USAO's") and the case files arising therefrom; the review of correspondence

related to requests; the review of searches conducted in response to requests; the location of

responsive records; and preparation of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§ 16.3 et.seq. and §16.40 et.seq.).

2)    As an attorney advisor of the FOIA/PA unit, EOUSA, I have authority to release and

/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)    Due to the nature of my official duties, I am familiar with procedures followed by this office in responding to the FOIA/PA request(s).

**OVERVIEW**

4)    This declaration explains the procedures that were followed in responding to Plaintiff's August 24, 2006 request, referenced in count IX of the complaint dated April 18, 2007 and filed June 18, 2007.

5)    By letter dated August 24, 2006 and received by EOUSA FOIA/PA on September 18, 2006, Plaintiff made a request. The request sought records on Plaintiff in the Districts of North Carolina. *See* **Exhibit 1.**

6)    By letter dated October 6, 2006, EOUSA FOIA/PA acknowledged Plaintiff's request and advised that it had trifurcated his request for processing purposes based on the three separate United States Attorney's Offices in the North Carolina Districts. Each file was assigned a separate Request Number, for which the Plaintiff would receive a separate response. Specifically, Request Numbers 06-3216, 06-3217, and 06-3218, were assigned to his original request. *See* **Exhibit 2.**

**Request 06-3216**

7)    Request Number 06-3216 was assigned to the United States Attorney's Office (USAO) for the Eastern District of North Carolina. By letter dated February 8, 2007, EOUSA

informed Plaintiff that a search for records in the Eastern District of North Carolina has revealed no responsive records pertaining to the Plaintiff. *See* **Exhibit 3.**

**Request 06-3217**

8)    Request Number 06-3217 was assigned to the USAO for the Middle District of North Carolina. By letter dated August 9, 2007, EOUSA informed Plaintiff that a search for records in the Middle District of North Carolina has revealed no responsive records pertaining to Plaintiff. *See* **Exhibit 4.**

**Request 06-3218**

9)    Request Number 06-3218 was assigned to the USAO for the Western District of North Carolina. By letter dated January 31, 2007, EOUSA informed Plaintiff that pursuant to the plea agreement he executed in criminal case No. 02-CR-105-6, he had waived all rights, to request or receive the records from any department or agency of the United States pertaining to the investigation or prosecution of this case, including without limitations any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. Therefore, no search was conducted. *See* **Exhibits 5 and 6.**

## ADEQUACY OF THE SEARCH

**Request 06-3216**

10)    Upon receipt of Plaintiff's FOIA/Privacy Act request, the USAO for the Eastern District of North Carolina conducted searches under Plaintiff's name in criminal and civil records. The specific computer tracking systems utilized in searching for records pertaining to the Plaintiff were Talon and Lions. Also, staff was emailed. No responsive records were located.

**Request 06-3217**

11)  Upon receipt of Plaintiff's FOIA/ Privacy Act request, USAO for the Middle District of North Carolina conducted systematic searches for criminal, civil, and asset forfeiture records under the Plaintiff's name.  The specific computer tracking systems utilized in searching for records pertaining to the Plaintiff were Talon and Lions.  No responsive records were located.

## ADMINISTRATIVE APPEAL EXHAUSTION

12) Plaintiff did not file an administrative appeal prior to commencing the present court action.  I have both reviewed the official EOUSA files and personally confirmed with OIP by telephone and email communication that there is no record of Plaintiff filing an appeal.

## CONCLUSION

13)  Each step in the handling of Plaintiff's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 20th day of September 2007 at Washington, D.C.

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff

**FOIA REQUEST**

To: Director                                    Date: August 24, 2006

Executive Office for United States Attorneys

Department of Justice

600 E Street, NW

Washington, D. C. 20530

_Dear Sir:

    This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and informati
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

ALL records. Search the Districts of North Carolina, all of them.

I want everything used to prosecute me and everything submitted on
my behalf.

    I will pay reasonable search and reproduction fees.

    My Biographical data is as follows:

FULL NAME: ANTHONY ALLEN LEMAY

DATE OF BIRTH

PLACE OF BIRTH Bartow, Florida USA

SOCIAL SECURITY NUMBER

    I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 24th day of August                , 2006

                By X _Anthony Le Gray_
                      Affiant/Declarant Herein

(28 USC Section 1746)

Name: ANTHONY LEMAY

Reg. No. 18194-058

**United States Penitentiary**
**Box 2068**
**INEZ, Kentucky  41224**

cc : file





**U.S. Departme ⋅ ⋅ Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

OCT - 6 2006

Request Number: _06- 3316_          Requester: _ANTHONY LEMAY_

Subject: _SELF   -   EASTERN No. CAROLINA_

  The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

  Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

  EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

  By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

         Sincerely,

         *William G. Stewart*

         **William G. Stewart II**
         **Acting Assistant Director**

Form No. 001 -1/06





**U.S. Departmᵣ ᵣₒf Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:__Anthony Lemay_____

Request Number:__06-3216_____  Date of Receipt:__September 18, 2006_____

Subject:__Self_____

Dear Requester:

     In response to your Freedom of Information Act and/or Privacy Act request, the   FEB - 8 2007
paragraph(s) checked below apply:

1.   [  ]   A search for records located in EOUSA - _____ has revealed no
       responsive records regarding the above subject.

2.   [ X ]  A search for records located in the United States Attorney's Office(s) for the _Eastern__
       District of North Carolina_ has revealed no responsive records regarding the above
       subject.

3.   [  ]   After an extensive search, the records which you have requested cannot be located.

4.   [  ]   Your records have been destroyed pursuant to Department of Justice guidelines.

5.   [ X ]  Please note that your original letter was split into separate files ("requests"), for
       processing purposes, based on the nature of what you sought. Each file was given a
       separate Request Number (listed below), for which you will receive a separate response:
       __#06-3217 and #06-3218_____

     This is the final action on this above-numbered request. You may appeal this decision on
this request by writing within 60 days from the date of this letter to the **Office of Information
and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050,
Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA
Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review
may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                     Sincerely,

                     William G. Stewart II
                     Acting Assistant Director

                                   **Form No. 005 - 2/06**





**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:  Anthony Lemay

Request Number:  06-3217                Date of Receipt:  September 18, 2006

Subject:  Self

Dear Requester:                                          AUG - 9 2007

    In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [ ]    A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2.    [ X ]    A search for records located in the United States Attorney's Office(s) for the  Middle District of North Carolina  has revealed no responsive records regarding the above subject.

3.    [ ]    After an extensive search, the records which you have requested cannot be located.

4.    [ ]    Your records have been destroyed pursuant to Department of Justice guidelines.

5.    [ X ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you already received a separate response:   #06-3216 and #06-3218

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

Form No. 005 - 1/02





UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED

2003 FEB 24  PM 2:44

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ( | DOCKET NO. 1:02 CR 105-6 |
| | ) | |
| v. | ( | |
| | ) | PLEA AGREEMENT |
| (6)ANTHONY ALLEN LEMAY | ( | |

NOW COMES the United States of America, by and through Robert J. Conrad, Jr., United States Attorney for the Western District of North Carolina, and the defendant, ANTHONY ALLEN LEMAY, in person and through counsel, REID G. BROWN, and respectfully inform the Court that they have reached the following agreement:

### I. Plea

1.      The defendant agrees to enter a voluntary plea of guilty to Count ONE as set forth in the Bill of Indictment, and admits to being in fact guilty as charged in this Count.

### II. Sentence

2.      The defendant is aware that the statutory maximum sentence for Count ONE is not less than 10 years not more than life imprisonment, and / or a $4,000,000 fine, and at least five years supervised release, unless the defendant has previously been convicted of a felony drug offense. If, by the date that the defendant pleads guilty, the United States has filed notice of one or more prior felony drug convictions, the statutory penalties are not less than 20 years nor more than life imprisonment, an $8,000,000 fine, and at least 10 years supervised release. If, by the date that the defendant pleads guilty, the United States has filed notice of two or more prior felony drug convictions, the statutory penalty shall be life imprisonment and/or an $8,000,000 fine (21 USC 841 (b)(1)(A)).

The defendant is aware that any sentence imposed will be in conformity with the *United States Sentencing Guidelines [U.S.S.G.]*, and that a sentence imposed under the Guidelines is without parole. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court.

1



3.      In regard to the Sentencing Guidelines, the defendant and the United States agree to recommend to the Court as follows:

    a.      The amount of cocaine base that was known to or reasonably foreseeable by the defendant was at least 500 grams but less than 1.5 kilograms.

    b.      Provided that the defendant acknowledges to the government, the Probation Office, and the Court the nature and extent of all relevant criminal conduct, the United States agrees to recommend a two-level reduction in offense level pursuant to *U.S.S.G.* § 3E1.1.

        Provided the defendant's gross offense level is at least 16 and that the defendant has timely provided information to the government concerning his/her involvement in the offense(s) charged, or has timely notified authorities of an intention to plead guilty, the United States agrees to recommend that the defendant receive an additional one-level reduction pursuant to *U.S.S.G.* § 3E1.1(b)(2).

        However, the defendant understands that any reduction in offense level is ultimately for the Court's determination.

    c.      The Probation Office will compute the defendant's Criminal History Category to determine the appropriate range under the Sentencing Guidelines.

    d.      Notwithstanding any recommendations in this Agreement as to the offense level, if the Probation Office determines from the defendant's criminal history that *U.S.S.G.* §4B1.1 (Career Offender) or §4B1.4 (Armed Career Criminal) or a statutory minimum sentence applies, then that provision will be used in determining the sentence.

    e.      The defendant is aware that if the Probation Office determines that a different offense level or a Guideline not addressed in this agreement applies, and the Court finds that the Probation Office is correct, then the Court will use that offense level or Guideline in determining the sentence. Nothing in this Plea Agreement will prevent either the United States or the defendant from arguing, before the sentence is imposed, for the offense level as agreed upon herein and a sentence within the corresponding *U.S.S.G.* range.

4.      The United States and the defendant agree, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(B), that the defendant's sentence, including any fine, will be within the applicable Sentencing Guidelines range, and that the Court in its discretion will determine the exact point within that range. Nothing in this Agreement precludes the defendant from arguing for or otherwise seeking to obtain either a specific form or term of sentence as permitted within such range or, if

applicable, a sentence authorized by *U.S.S.G.* § 5B1.1 or 5C1.1. Nor does this Agreement require or prohibit that the United States take a position before the Court concerning the specific form or term of the sentence within the applicable range or *U.S.S.G.* § 5B1.1 or § 5C1.1.

5.      Subject to the Court's discretion and determination that the defendant is financially able, the defendant agrees to pay full restitution, which will be included in the Court's Order of Judgment. The defendant agrees that such restitution will include all victims directly or indirectly harmed by the defendant's relevant conduct, as defined by *U.S.S.G.* §1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. § 3663.

The parties further agree that the Court may accept the information in the Presentence Investigation Report, except any facts to which the defendant files written objections, as establishing sufficient factual findings regarding the amount of loss sustained by the victim, the financial resources of the defendant, earning ability of the defendant, and any other factors contained in said report [18 U.S.C. §3664(a) & (b)].

6.      The parties stipulate that, pursuant to 21 U.S.C. § 862 the defendant will be ineligible for all federal benefits for 5 years after the date of sentencing. 21 USC § 862 is applicable pursuant to this agreement even if substantial assistance is rendered. If the Court determines that this conviction is the second federal or state offense of distribution of controlled substances, the defendant will be ineligible for all federal benefits for 10 years after sentencing. If the Court determines that this conviction is the third or subsequent such offense, the defendant will be permanently ineligible for all federal benefits.

7.      The defendant hereby agrees to pay the total amount required for assessment ($ 100) to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty.

8.      The defendant agrees to reimburse the United States for the cost of Court-appointed counsel and that the Court may include such reimbursement in the Order of Judgment.

### III. Procedure

9.      The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Federal Rule of Criminal Procedure 11.

10.  In regard to the factual basis as required by Federal Rule of Criminal Procedure 11(f):

a.      With the Court's permission, the factual basis will be deferred until the time of sentencing.

3



b.  The parties stipulate that the Court may use the offense conduct set out in the Pre-Sentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

c.  The defendant stipulates that there is a factual basis for the plea of guilty, and relieves the United States of any further obligation to present evidence. The United States may provide the factual basis for this case by presenting witnesses, relying upon the Pre-Sentence Report, or reciting for the Court a summary of the investigation.

d.  The United States may present pertinent background information and evidence obtained during the investigation of the matters described in the Bill of Indictment. The United States will correct misleading or inaccurate statements or information, if any, that the defendant or other persons may present to the Court.

e.  The defendant may clarify the factual basis as he/she desires.

## IV. Waivers

11.    In the event that the defendant fails to comply strictly with this Plea Agreement, he/she understands and agrees that the Plea Agreement will become null and void, except that the defendant's plea of guilty, and the resulting guilty verdict will stand.

12.    The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the District Court has accepted it.

13.    The defendant understands that, absent an agreement to the contrary, any statements to law enforcement officials prior to the signing of this agreement are not statements made to "an attorney for the government," Fed.R.Crim.Proc. 11(e)(6)(D), Fed.R.Evid. 410(4), and that any subsequent statements to either law enforcement agents or government prosecutors are not statements "made in the course of plea discussions." *Id.*

14.    The defendant understands and agrees that by pleading guilty, he/she is expressly waiving the following rights:

a.  to be tried by a jury;
b.  to be assisted by an attorney at trial;
c.  to confront and cross-examine witnesses ; and
d.  not to be compelled to incriminate one's own self.



15.    The defendant is aware that 18 U.S.C. § 3742 and § 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the defendant, in exchange for the concessions made by the United States in this plea agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. §2255. Furthermore, the defendant expressly and explicitly agrees and understands that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. section 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence or conviction. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

This agreement neither affects nor limits the United States in its comments in or responses to any post-sentencing matters.

16.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

17.    The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations. Forfeited firearms will be ordered destroyed.

## V.  Assistance to Government

18.    If requested by the United States, but only if so requested, the defendant agrees to cooperate with the United States, including but not limited to the following:

a.    The defendant will provide truthful information about the subject charges and about any other criminal activity within the defendant's knowledge to any government agent or agency that the United States designates.

b.    The defendant will testify truthfully in any trial, hearing, or grand jury proceeding, including but not limited to testimony against any co-defendants, as the United States designates.

c.    The defendant will truthfully disclose all monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by or to the defendant in exchange for a controlled substance in violation of state or federal law, and all proceeds traceable to such exchanges, and all monies, negotiable instruments, securities, or other things of value used or intended to be used to facilitate a violation of state or federal law. The defendant further agrees to voluntarily forfeit said property to the United States.

5

d.    In the event that the defendant's cooperation includes testifying, the defendant hereby waives payment of any witness fees or expenses to which he/she may otherwise be entitled pursuant to 28 U.S.C. § 1821.

e.    The information that defendant provides may be verified by polygraph or any other method that the United States chooses.  If the defendant undergoes a polygraph examination and, in the opinion of the examiner, the defendant's answers indicate deception, then the United States may declare the plea agreement null and void, except that the defendant's guilty plea and the resulting guilty verdict will stand.

f.    The defendant understands that the United States desires only truthful and accurate information and testimony and, in fact, that knowingly giving false information or testimony can be prosecuted as an additional criminal offense.

Further, if the defendant knowingly gives false testimony, the Plea Agreement will become null and void, except that the defendant's plea of guilty and the resulting guilty verdict will  stand.

g.    The defendant will not violate any federal, state or local law, or any order of any court including any conditions of pretrial, pre-sentence, or post-sentence release.

h.    Nothing that the defendant discloses pursuant to this Plea Agreement will be used against him/her in any other criminal proceeding, subject to the following exceptions:

(1)    the United States or other jurisdiction may use any and all relevant information regarding crimes of violence;

(2)    the United States may use any and all information as necessary in a prosecution for perjury, or in any trial for impeachment or rebuttal;

(3)    if the defendant withdraws plea of guilty, the United States may use any and all information in any subsequent trials or criminal proceedings;

(4)    if the defendant violates any of the terms of this plea agreement, including the obligation to provide truthful information, then the United States may use any and all disclosures in subsequent trials or other court proceedings; and



> (5)    the United States may make indirect use of any information that the
> defendant provides, including investigative leads or other witnesses.

i.    The defendant's obligation under this section is a continuing one, and will
continue after sentencing until all investigations and/or prosecutions to which
the defendant's cooperation may be relevant have been completed.    This
provision is a material condition of this plea agreement and all benefits that
accrue to the defendant pursuant to this agreement. .

In the interests of meeting all obligations under this section, the defendant
agrees to waive all rights under Chapters 213 and 208 of Title 18 until such
time as the United States determines that all relevant investigations and/or
prosecutions have been completed.

j.    The defendant fully understands that any breach of this agreement, including
but not limited to withholding information, misleading the United States or
any law enforcement officer, or failing to testify truthfully at any trial, grand
jury, or other judicial proceeding, will allow the government, in its sole
discretion, to declare the plea agreement to be null and void.    In such event,
the United States will be free to proceed on any properly-filed pending,
superseding, or additional charges, including any charges dismissed pursuant
to this agreement.

19.    When and if the defendant assists the government as described above:

a.    The United States, in its sole discretion, will determine whether said assistance
has been substantial.

b.    Upon a determination that the defendant has rendered substantial assistance,
the government may make a motion pursuant to *U.S.S.G.* §5K1.1 for
imposition of a sentence below the applicable Sentencing Guidelines.    The
United States also may, within its sole discretion, move the Court pursuant to
18 U.S.C. § 3553(e) to impose a sentence below any applicable statutory
mandatory minimum.

The defendant recognizes that the Court cannot depart below the Sentencing
Guidelines for substantial assistance [*U.S.S.G.* § 5K1.1] absent a motion from
the United States.    The defendant further recognizes that, even if the United
States makes a recommendation pursuant to §5K1.1, the Court cannot depart
below the statutory minimum unless the United States also includes a specific
recommendation pursuant to 18 U.S.C. § 3553(e).



c.    Regardless of the nature and extent of any substantial assistance that the defendant renders, the United States will not move for a downward departure if the defendant also knowingly furnishes information that is materially false.

d.    Any determination that the defendant has failed to provide substantial assistance or has knowingly provided false information is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination.

e.    The defendant understands that if the United States makes a motion for downward departure, the motion is not binding on the District Court. The Court will determine in its discretion whether to grant or deny such departure, and the extent of any departure.

## VI. Conclusion

20.    The defendant understands that if he/she breaches this agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial, pre-sentence, or post-sentence release, the United States may void this agreement.  In that event, the defendant's plea of guilty and the resulting guilty verdict will stand, and the United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.    .

21.    **There are no agreements, representations, or understandings between the parties in this case, other than those that are explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all the parties.**

SO AGREED:

ROBERT J. CONRAD, JR., UNITED STATES ATTORNEY


_____    DATED: _2-24-03_
JILL WESTMORELAND ROSE, Assistant U.S. Attorney


_____    DATED: _2/24/03_
REID G. BROWN, Attorney for Defendant


_____    DATED: _2/24/03_
ANTHONY ALLEN LEMAY, Defendant

9



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Anthony Lemay
#19194-058
U.S.P.
U.S. Box 2068
Inez, KY 41224

RE:   FOIA Request #06-3218                                      JAN 3 1 2007

Dear Mr. Lemay:

        Your request for records under the Freedom of Information Act/Privacy Act
has been processed. This letter constitutes a reply from the Executive Office for
United States Attorneys, the official recordkeeper for all records located in this
office and the various United States Attorneys' offices. To provide the greatest
degree of access authorized by the Freedom of Information Act and the Privacy
Act, we have considered your request in light of the provisions of both statutes.

        Pursuant to the plea agreement you executed in criminal case No.
02-CR-105-6, you have waived all rights, whether asserted directly or by a
representative, to request or receive the records from any department or agency of
the United States pertaining to the investigation or prosecution of this case,
including without limitation any records that may be sought under the Freedom of
Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. See
Plea Agreement at ¶ 16 on page 5.

        This is the final action on this above-numbered request. You may appeal this
decision on this request by writing within 60 days from the date of this letter to the
**Office of Information and Privacy, United States Department of Justice, 1425 New
York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and
envelope should be marked "FOIA Appeal." If you are dissatisfied with the results
of any such administrative appeal, judicial review may thereafter be available in
U.S. District Court, 28 C.F.R. § 16.9.

                                    Sincerely,

                                    William G. Stewart II
                                    Acting Assistant Director



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY ALLEN LEMAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 07-1082 (RJL) |
| | ) |
| | ) |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS & EXPLOSIVES, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## <u>PROPOSED ORDER</u>

This matter having come before the Court on the Motion of Six Federal Defendants for

Dismissal, or Alternatively, for Summary Judgment, plaintiff's opposition, if any, and

defendants' reply, if any, it is hereby

**ORDERED** that the Six Federal Defendants' Motion for Dismissal, or Alternatively, for

Summary Judgment, is hereby **GRANTED**.  And it is further

**ORDERED** that plaintiff's complaint is dismissed with prejudice as it concerns the

following defendants: the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Drug

Enforcement Administration; the Criminal Division of the Department of Justice; the United

States Postal Service, the United States Department of Homeland Security; and the Executive

Office for United States Attorneys.

**SO ORDERED** on this _____ day of _____, 200__.


_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE